CHARLES E. SAWYER *vs.* HARVEY J. HARRISON.

May 19, 1890.

**Action to Avoid Fraudulent Conveyance—Requisites of Complaint —Who may Sue.**—In an action to set aside a conveyance executed in fraud of creditors, the complaint must state facts showing that the plaintiff occupies a *status,* either as creditor or as the representative of creditors, which entitles him to assail the conveyance. A mere general allegation that the plaintiff was by order of court appointed "receiver" of all the property belonging to the grantor in the conveyance is not sufficient.

Appeal by defendant from an order of the district court for Polk county, *Mills,* J., presiding, overruling his demurrer to the complaint.

*Knute Nelson,* for appellant.

*A. A. Miller,* for respondent.

MITCHELL, J. In an action to set aside a conveyance executed in fraud of creditors, the plaintiff must, in his complaint, state facts showing that he occupies a *status* entitling him to assail the conveyance on the ground of the fraud; that he himself is a creditor, or that he occupies a representative capacity which gives him the right, in behalf of creditors, to assail it. None but creditors, or those whom the law recognizes as their representatives, can assail such conveyances. The grantor himself cannot do it. Neither could his heirs, assigns, or personal representatives do so, being considered as merely standing in his shoes. But by statute the executor or administrator of an insolvent estate, the assignee of an insolvent debtor under a general assignment for the benefit of creditors, or the assignee or receiver of the property of such a debtor under the "insolvent law," and a receiver appointed in proceedings supplementary to execution, are authorized to maintain such actions; they being considered, for such purpose, the representatives of the creditors prosecuting the action in their behalf. But they must allege the facts giving them this right. In the present case the only allegation in the complaint, in that regard, is that the plaintiff was, "by order of this court made

. and now on file in the office of the clerk thereof, appointed receiver of all the property of every kind belonging to Fred Buse," the grantor in the conveyance assailed.    But the word "receiver" is a very general term.    There are a great many kinds of receivers, appointed in a great variety of suits and special proceedings, for many different purposes, and clothed with very different powers.    *Prima facie*, and as a general rule, a receiver succeeds to and is vested with only the rights and property of the person over whose estate, or some part thereof, he is appointed, and does not hold or acquire the right to maintain an action to set aside a conveyance made by the person over whose estate he has  been appointed which the grantor himself could not have maintained.    If he is a receiver of such a kind as would make him the representative of creditors, and authorize him, as such, to maintain an action to set aside a conveyance executed in fraud of their rights, it must be so alleged in the complaint.    There is no such allegation in this case, and the demurrer should have been sustained on the ground that the complaint did not state a cause of action.

Order reversed.