AADNE C. TVEDT v. ALEX MACKEL and Others.[1]

December 24, 1896.

Nos. 10,329—(156).

Action by Receiver—Pleading.

 Although the general allegations in the complaint state that an order in supplementary proceedings was duly issued by the court herein, thereafter a hearing was had in supplementary proceedings, and disclosure and report of the referee made, and that the plaintiff herein was on motion appointed receiver, it does not appear that such supplemental proceedings were founded upon the judgment defendants' creditor held. *Held*, that the complaint is not sufficient, to show that plaintiff occupies a status, either as creditor or as the representative of creditors, which entitled him to assail conveyances as fraudulent. Sawyer v. Harrison, 43 Minn. 297, followed.

Appeal by defendants from an order of the district court for Norman county, Ives, J., overruling demurrers to the complaint. Reversed.

*Lee Combs* and *Alex Mackel*, for appellants.

*Michael A. Brattland* and *Ole J. Vaule*, for respondent.

BUCK, J.   This action is one to set aside conveyances alleged to have been executed in fraud of creditors.   It is claimed by the plaintiff that he sues in the capacity of receiver of one of the defendants, and that he was appointed, by order of the court, such receiver in proceedings supplementary to execution, and that it is so alleged in the complaint.   There are several defendants, one of whom demurred to the complaint separately, and the several other defendants joined in the other demurrer.   Each demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action.   The only allegation in the complaint tending to show the status which the plaintiff occupies, relative to the parties to the action, is as follows:

"That on the 14th day of November, 1895, an order in supplementary proceedings was duly issued by the court herein, and that on the 20th day of November, 1895, and on subsequently adjourned days, a hearing in supplementary proceedings was had, and that, upon such dis-

closure and report of the referee appointed in such proceedings, the plaintiff herein was, on motion, appointed receiver on the 25th day of January, 1896, and has duly qualified as such receiver."

Of whose estate the plaintiff was appointed receiver cannot be ascertained from these allegations, and it would be a useless effort to try to do so. The plaintiff, therefore, is not entitled to assail the conveyances between the defendants on the ground of fraud. This was so held in the case of Sawyer v. Harrison, 43 Minn. 297, 45 N. W. 434.

Order reversed.