W. W. SHELDON v. L. J. BROWN and Another.

June 9, 1898.

Nos. 11,000—(121).

**Two Chattel Mortgages—Execution upon Same Day—Presumption.**
    Where two chattel mortgages were executed on the same day, and
    there is no evidence that one was executed at an earlier hour than the
    other, they will be presumed to have been executed contemporaneously.

**Same—Co-ordinate Liens—Tenancy in Common—Filing.**
    When two chattel mortgages are executed contemporaneously, and
    there was no agreement between the parties that one should have pri-
    ority over the other, the liens are co-ordinate, and the mortgagees be-
    come tenants in common of the mortgaged property in proportion to the
    amounts of their respective claims, and neither can gain any priority
    over the other by filing his mortgage first.

Appeal by plaintiff from a judgment of the district court for
Douglas county, in favor of defendant, entered in pursuance of the
findings and order of Searle, J.   Affirmed.

. *H. Jenkins*, for appellant.

*C. J. Gunderson*, for respondents.

MITCHELL, J.

Each of the parties holds a chattel mortgage on the same prop-
erty, both executed by the same mortgagor, and the contest between
them is as to whose mortgage is the prior lien.   The defendant,
upon default in the conditions of his mortgage, took the property
from the mortgagor, and the plaintiff brought this action against
him to recover the possession, claiming the right to it under his
mortgage.   The stipulated facts are substantially as follows:

The mortgagor was a resident of the town of Carlos, in Douglas
county, and had made a contract with a firm in Indiana for the pur-
chase of the property in controversy (a portable sawmill), to be
delivered at the village of Alexandria on payment of the purchase
money.   The property was shipped by the vendor from Indian-
apolis, and, at the time both mortgages were executed, it was at the
depot of the carrier railway company in Alexandria, awaiting de-
livery to the mortgagor upon his complying with the terms of the

contract by paying the purchase price. Both mortgages were executed on the same day, February 1. Neither party knew when he took his mortgage that the mortgagor had executed a mortgage to the other, but it does not appear which mortgage was executed first. After executing the mortgages, the mortgagor immediately paid the purchase money, and removed the property to his place of residence, in the town of Carlos, where it remained until it was taken from his possession by the defendant. Plaintiff filed his mortgage in the town of Carlos, on February 1, at 5 p. m., but never filed it in the village of Alexandria. Defendant filed his mortgage in Alexandria on February 1 at 3 p. m., and in the Town of Carlos on February 3.

Counsel have argued the case mainly upon the theory that the question of priority of lien depended upon the question which mortgage was first duly filed, the contention of the defendant being that they should have been filed in both the town of Carlos, where the mortgagor resided, and in the village of Alexandria, where the property was when the mortgages were executed. G. S. 1894, § 4130.

If priority of filing would give a priority of lien, we are strongly inclined to the opinion that, upon the facts, it was only necessary to file these mortgages in the town of Carlos, where the mortgagor resided. In view of the object of filing a chattel mortgage, to wit, to give notice to creditors and subsequent purchasers, much can be said in favor of the position that the provision requiring such instruments to be filed in the town, city, or village where the property is applies only to cases where it has, by reason of its character or its treatment by the mortgagor, acquired an actual situs different from the place of residence of the owner, and that it does not apply to a case like the present, where the property is merely in transit to the owner's residence, or where, for some merely casual or temporary purpose, the owner takes it to some other town; as, for example, where a farmer drives his team to the city or village on some brief errand of business or pleasure. But it is unnecessary to decide this question, as our conclusion is that this case must be determined upon other grounds.

These two mortgages having been executed on the same day, and there being nothing to show that one was executed at an earlier

72 M.—32

hour of the day than the other, they must be taken as having been executed contemporaneously. The fact that one was filed before the other raises no presumption that it was executed first. Walker v. Buffandeau, 63 Cal. 312.

Where two mortgages are executed contemporaneously, and without any agreement of the parties that one shall take precedence over the other, the liens are co-ordinate, and the two mortgagees become tenants in common of the mortgaged property in proportion to the amounts of their respective claims, and neither can gain any priority over the other by filing his mortgage first; the statute as to filing being for the protection of subsequent purchasers or mortgagees.

It being elementary that one tenant in common cannot maintain replevin against his co-tenant, it follows that the judgment in favor of the defendant must be affirmed, although the trial court may have ordered it upon another and erroneous theory of the law. The courts will control the application and division of the proceeds of the mortgaged property in accordance with the rights of the respective parties, and, if necessary, appoint a receiver for that purpose.

Judgment affirmed.