# RED RIVER POTATO GROWERS ASSOCIATION v. J. W. BERNARDY and Another.[1]

July 17, 1914.

Nos. 18,651—(189).

**Appointment of receiver.**

1. A receivership remedy is merely ancillary to the main cause of action, and not an independent remedy, and can only be resorted to in a pending action brought to obtain specific relief which the court has jurisdiction to grant.

**Same — plaintiff not entitled to that remedy.**

2. Certain property was acquired by defendants, assuming to act for plaintiff corporation, but wholly without authority; the corporation repudiated their assumed authority and all contracts made by them in its name; it does not claim to own the property, and does not seek in this action to have the title thereto adjudicated; persons who made contracts with the defendants, so assuming to act for plaintiff, have demanded of plaintiff the performance of the same, which plaintiff has refused; it is *held* that since plaintiff repudiated the authority of defendants to act for it, and denies liability for their contracts, and does not claim to own the property, it is not entitled to have a receiver appointed to hold the property pending a determination of its controversy with such third persons.

Action in the district court for Clay county for the appointment of a receiver. Plaintiff obtained an order directing defendants to show cause why a receiver should not be appointed to take charge of the property and assets of defendants mentioned in the complaint, together with the proceeds of any sales of such property, and an order restraining defendants from selling or disposing of the property mentioned. The matter was heard upon the pleadings and affidavits before Nye, J., who appointed a receiver and directed defendants to transfer to him all their interest in the property men-

[1] Reported in 148 N. W. 449.

Note.—As to the jurisdiction of equity to appoint receiver to preserve *status quo* pending action or proceedings before other tribunal, see note in 38 L.R.A. (N.S.) 228.

tioned. From the order appointing the receiver, defendants appealed. Reversed.

*Leonard Eriksson,* for appellants.

*F. H. Peterson,* for respondent.

BROWN, C. J.

The facts in this case, as disclosed by the complaint, are substantially as follows: The plaintiff Red River Potato Growers Association is a corporation duly formed under the laws of the state, having been incorporated in February, 1913. The business of the corporation, as expressed in its articles of association, was to buy, sell and deal in potatoes. Subsequent to the incorporation of the company a board of nine directors was chosen, and defendant Cary was made general manager of the business of the concern. The affairs ran along smoothly until some time in July, when dissensions arose and continued until August 11, when six of the board of directors resigned their positions. Cary was removed as manager on July 18, 1913. Some time in August defendant Bernardy applied for the position of manager, but the board refused to employ him. However, Cary, who had been removed from the position of manager, assumed the right to employ Bernardy, and he notified the secretary of the company that he had done so. Thereafter Cary caused the erection of a potato warehouse at Barnesville, the place of business of the corporation, and used, with the connivance of defendant Linderson, treasurer of the corporation, money of the corporation for that purpose. The material and labor employed in the construction of the building were not paid for and liens to the amount of about $12,000 were filed and suits were brought to foreclose the same, plaintiff corporation being made a party defendant. During the fall of the year, the complaint charges, the defendants herein conducted a large potato business in the name of plaintiff, but without authority from the board of directors; the corporation was not active and did no business subsequent to the date on which six of the directors resigned, and the vacancies thus created were not filled by the appointment of others. Nevertheless defendants purchased and contracted in its name for a large quantity of potatoes

and incurred obligations therefor amounting to about the sum of $20,000, which they wholly failed to pay. Subsequently actions were brought against the corporation to recover this indebtedness, the same having been commenced by numerous farmers who had sold potatoes to defendants, supposing and believing that they were contracting with the corporation. The plaintiff appeared in those actions and denied that the potatoes were purchased for it, and put in issue the authority of defendants herein to act for it. The complaint further alleges that defendants received large sums of money for potatoes so purchased and sold by them in the name of the corporation, but wholly failed to turn the same over to the corporation and wrongfully appropriated it to their own use; that at the time of the commencement of this action, in January, 1914, defendants had in their possession, of the potatoes so purchased in the name of plaintiff, about 20,000 bushels, and that defendant Bernardy was rapidly selling and disposing of the same in the name of the Dakota & Minnesota Potato Co., intending to convert the proceeds thereof to his own use. The record also discloses that certain claims are pending against different railroad companies for damages to potatoes shipped by defendants over their lines, and that defendants intend to collect the same for their own use. It further appears that in December, 1913, some of the stockholders of the corporation, learning of the condition of things, and that defendants were making contracts in the name of the corporation, called a meeting of the stockholders, and efforts were made to ascertain the true state of affairs. They had previously supposed that the corporation was dormant for the want of a board of directors, and that it was not engaged in the transaction of any business whatever. An attorney was employed and a demand made of defendants for the books, papers and property claimed to belong to the corporation and the demand was refused. The relief demanded is that a receiver be appointed to administer the affairs conducted by defendants in the name of the corporation, to sell and dispose of the property mentioned in the complaint, that the proceeds thereof be held subject to the order of the court. Defendant Cary answered, denying generally all allegations of the complaint in any way charging misconduct or wrongdoing on his

part. Defendant Bernardy answered and alleged that from August, 1913, to January, 1914, he was acting as manager of the corporation under employment by its board of directors, at the agreed compensation of $150 per month, and admitted that as such manager he bought and sold potatoes for the corporation, but denied that at the time the actions were commenced he had in his possession any potatoes or other property belonging to the corporation; that he had stored in the warehouse in the neighborhood of 17,000 bushels of potatoes, but that they belonged to him; that he purchased them subsequently to January 1, after his relations with plaintiff had terminated, and in the course of the transactions of the potato business in the name of the Dakota & Minnesota Potato Co.; that he leased and held possession of the warehouse under a contract with defendant Cary. The material allegations of the complaint are thus put in issue by this defendant. Defendant Linderson made no appearance in the actions. The defendants are insolvent.

Upon the pleadings and affidavits plaintiff applied to the court for an order appointing a receiver of all the property mentioned in the complaint and alleged to be in possession of defendants, and for an order requiring defendants to surrender such property to the receiver, and restraining and enjoining them from selling or in any manner disposing of the same. In opposition to the application defendant Cary made an affidavit, in which he denied that the plaintiff has any right or interest in or to the warehouse, or any right to the possession thereof. The court, after hearing the parties, made an order appointing a receiver as prayed for in the complaint, and directing and ordering the defendants forthwith to assign, transfer and set over to the receiver "all their rights, title and interest in and to all the potatoes in said warehouse, all the claims arising out of the conduct of said business, whether against the purchasers of potatoes [or] otherwise * * * or against the various railroad companies * * * for damages occurring in the handling of said potatoes * * * all books of account, vouchers, checks, bills of lading or shipping bills, and in general all the property, avails, proceeds, effects and assets of said business, and all books, papers and vouchers in any way connected

[therewith]; * * * . [and that] defendants grant to said receiver and deliver over to him such reasonable use and occupancy of said potato warehouse and equipment as may be necessary for him in the handling and disposition of said potatoes and in carrying out the provisions of this order, and for such compensation as may be fixed by the court." Defendants appealed.

It is well settled by the authorities that a receivership is merely ancillary to the main cause of action and not an independent remedy, and can only be resorted to in a pending action brought to obtain specific relief which the court has jurisdiction to grant. Vila v. Grand Island Electric Light Co. 68 Neb. 222, 94 N. W. 136, 97 N. W. 613, 63 L.R.A. 791, 110 Am. St. 400, and authorities cited in 4 Ann. Cas. 66; 34 Cyc. 29; Murray v. Los Angeles Co. 129 Cal. 628, 62 Pac. 191; Mann v. German-American Inv. Co. 70 Neb. 454, 97 N. W. 600. The sole purpose of this action is the appointment of a receiver to take control of property, the ownership of which is in dispute between the parties, and to hold the same subject to the further order of the court. The action is not one to dissolve and wind up the affairs of the plaintiff corporation, nor one based upon a claim that, though the property belongs to the defendants, plaintiff has some specific or other lien thereon to secure an indebtedness which defendants refuse to pay. The real foundation of the action seems to be the probability that plaintiff may be held liable on the contracts made by defendants in its name, thus subjecting it to a liability which it never authorized, and to protect itself, if defeated in that litigation, the corporation seeks to have this property held to be applied in discharge of any recovery had against it. The plaintiff does not claim to own the property, it expressly disclaims responsibility for the transactions in and by which it was acquired by defendants, and it is not sought to have the ownership thereof determined in this action. Nor is there any other action now pending, so far as appears from the record, in which the ownership or right to the property can be determined as between the parties to this action. Though there are authorities holding it within the power of a court of equity to appoint a receiver, or by other appropriate remedy hold property *in statu quo* pending the determination of the

ownership thereof (Martin v. Harnage [26 Okl. 790, 110 Pac. 781], 38 L.R.A.(N.S.) 228, and authorities cited in note), the rule can have no application to the case at bar, for we'have no pending litigation between these parties in reference to the ownership of the property, or other litigation in which any such question is in issue. Plaintiff in this case expressly disclaims responsibility for the acts of defendants in purchasing the potatoes in question, and does not claim to own the same.· In this situation the case comes within the rule stated, and grounds for receivership are not presented. What has been said applies to all the property and property rights mentioned in the complaint, save the books and papers of the corporation alleged to be wrongfully detained by defendants, as to which the case is controlled by the general rule that a receiver will not be appointed where there is another speedy and adequate remedy. The books and papers of the corporation could have been secured by mandamus, or even replevin, or perhaps some other proceeding at law.

There being therefore no sufficient basis for the appointment of a receiver the order appealed from must be and is reversed.

Order reversed.