NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS AND
ANOTHER v. MICKELSON-SHAPIRO COMPANY
AND ANOTHER.[1]

November 17, 1916.

Nos. 19,996—(154).

**Notice of hearing, when unnecessary.**

1. A person cannot complain of want of notice of a hearing in court if thereafter, upon application made, he is heard on the merits.

**Appeal and error — attack on sale made by receiver not permitted.**

2. The record does not show upon what grounds appellant opposed a confirmation of receiver's sale, neither does it indicate any deviation from the mode in which the court had ordered it to be made nor inadequacy of price, hence the order confirming the sale cannot be attacked on appeal.

**Corporation — appointment of receiver — general equity power.**

3. Subdivisions 3 and 4 of section 7892, G. S. 1913, do not limit the authority of the court in the appointment of receivers for corporations to the instances provided for in section 6634, G. S. 1913, but recognize the general equity powers of the court to appoint receivers for corporations when proper grounds are made to appear.

**Same — waiver of statutory prerequisites — estoppel of appellant.**

4. By admitting all the allegations of the complaint in its answer and expressly consenting to the appointment of a receiver, the defendant corporation waived the prerequisites to a receivership specified in said section 6634, viz., that no judgment had been rendered against it upon which an execution had been returned unsatisfied. And appellant, after having acquiesced in the action of the corporation and its receiver for almost two years, should not now be heard to question the jurisdiction of the court in making the appointment.

**Sale by receiver — order not improvident.**

5. The record shows that a sale of all the assets of the corporation was imperative, hence the order directing such sale was not improvidently granted.

[1]Reported in 159 N. W. 948.

Action in the district court for Hennepin county to have the court take possession of the assets of defendant corporation and for the appointment of a receiver. From an order, Fish, J., directing a sale by the receiver, from an order, Steele, J., denying an application to vacate the sale and from an order, Steele, J., confirming the sale, Charles E. Johnson, intervener, appealed. Affirmed.

*F. Alex Stewart,* for appellant.

*Koon, Whelan & Hempstead,* for respondent.

HOLT, J.

Plaintiffs, the one a creditor and the other a stockholder of the defendant, a domestic corporation, brought this action, in behalf of themselves and all others similarly situated, against the corporation and Anton Mickelson, its president, to the end that the court might take possession and control of all the assets of the defendant corporation as trust property for the benefit of plaintiffs and all others who show themselves entitled thereto, and in furtherance of that purpose appoint a receiver to take charge of the assets and business of the corporation and to restrain Mickelson from wrongfully taking and destroying its property and business and for such further relief as might be proper. The grounds for this application are quite fully set forth in the complaint. We mention only the chief facts alleged: That the corporation has built up an extensive business in the manufacture and sale of certain poisons compounded according to secret formulas; that a large part of the business and stock are in Canada; that the corporation is heavily indebted, the obligations are maturing, and it is not possible to meet these since the assets are not readily convertible into cash, so that there is imminent danger of insolvency; that Anton Mickelson, the owner of one-half the common stock, a director and the president of the corporation, has wrongfully appropriated $2,500 of the corporation funds, and withdrawn for personal purposes $12,500 worth of the stock in trade which the corporation owns and had stored in Canada; and that for his own profit he is making use of the secret formulas, trade-name and trade-marks of the corporation to the destruction of its business. The corporation answered, admitting all the allegations of the complaint.. No jurisdiction was obtained of Mickelson. Upon the answer coming in, the

court, on November 13, 1913, appointed a receiver to take charge of the property of the corporation, conduct its business under the direction of the court, and take the necessary legal steps to recover and conserve its property and business. After the business of the corporation had been carried on by the receiver for almost two years, during which various suits had been successfully carried on against Mickelson in the courts of Canada, to recover the property of the corporation, and to prevent him from the wrongful use of the corporation's trade-name, trade-marks, and secret formulas, the receiver made a report to the court, setting forth what had been done, and the condition of the assets, business and liabilities of the corporation. This report indicated that the interests of all concerned required that the assets and business of the corporation be disposed of, and the receiver asked that this might be ordered by the court. Upon the hearing of an order to show cause, the court, on October 12, 1915, authorized and directed the receiver to sell and dispose of all the assets and business of the corporation at public auction. A few days later, appellant, a stockholder of the corporation, obtained an order to show cause why the order of sale should not be vacated on the grounds, that he had had no notice of the hearing, that the sale was improvidently granted, and that the receiver appointed by the court's order was without power or authority to make a sale. The court, after a hearing, by an order filed on November 3, 1915, set aside the restraining order and refused to vacate the order of sale. The sale took place on the fourth day of November, 1915, the property and business being sold at public auction for $20,000; and, upon notice, the sale came before the court for confirmation on November 13, 1915, when the attorney for the receiver and the attorney for appellant appeared and were heard. By an order filed the same day, the sale was confirmed. The appeal is from each of the three orders mentioned, viz: The order of October 12, 1915, directing the sale; the order of November 3, refusing to vacate the order of sale, and the order of November 13, confirming the sale.

Apart from the question of jurisdiction to appoint a receiver, the appellant cannot be heard to raise any question in respect to the validity of the orders appealed from not raised in the court below. We may, therefore, dispose of some assignments of error quite readily. Whether the notice of the hearing on October 12, 1915, of the order to show cause

why the receiver should not make a sale, was served on appellant is unimportant and of no avail now, for he was fully heard on the merits.

His attack upon the order confirming the sale cannot be considered here for two reasons: The record does not show what objections, if any, were made in the court below, and, secondly, the only objections that could have been urged are confined to irregularities in the sale and inadequacy of the bid. Hospes v. Northwestern Mnfg. & Car Co. 41 Minn. 256, 43 N. W. 180. The record does not suggest any deviation in the conduct of the sale from that prescribed by the court in its order of October 12, 1915, nor is there a hint of inadequacy of the bid. The order of sale specifically provided that any party to the action and any holder of claims allowed against the corporation might become a bidder, and that claims duly allowed against the corporation would be accepted as cash. Whether the successful bidder, who had acquired these claims at a discount and used them at their face value in making payment, as directed by order of the court, shall account to the creditors and shareholders for the profit made in purchasing the same, is not involved upon this appeal and is not considered.

No assignment of error here nor any objection in the court below makes the point that the court was without jurisdiction to appoint a receiver, but in the oral argument as well as in the brief appellant insists that no authority is found to appoint a receiver for a corporation except under section 6634, G. S. 1913, hence all steps taken by this receiver, who was not appointed thereunder, are void. It is true, that the authority to dissolve corporations is wholly statutory, and that courts, as a rule, refrain from appointing receivers to take over the property and business of a corporation, when so doing will virtually result in a dissolution. But at the same time the general equity powers of the court to appoint a receiver for a corporation *pendente lite,* the same as for an individual, are recognized. Furthermore, the last two subdivisions of section 7892, G. S. 1913, expressly authorize the appointment of receivers under facts disclosed in the complaint herein. That said section 7892 is a recognition, and not a limitation, of the customary equity jurisdiction in the appointment of receivers is the holding in Lowell v. Doe, 44 Minn. 144, 46 N. W. 297. Under similar statutory provisions such authority has been held conferred. Wayne Pike Co. v. Hammons, 129 Ind. 368, 27 N. E.

487; Supreme Sitting, Order of Iron Hall v. Baker, 134 Ind. 293, 33 N. E. 1128, 20 L.R.A. 210; Ponca Mill Co. v. Mikesell, 55 Neb. 98, 75 N. W. 46; Haywood v. Lincoln Lumber Co. 64 Wis. 639, 26 N. W. 184.

But it is contended that a receiver appointed *pendente lite* cannot be authorized to sell all the assets of a corporation defendant, thus virtually destroying or dissolving the corporation. It is to be noted that the complaint alleged that it was necessary for a receiver to be appointed to take over all the property and business and administer it as a trust fund, because the corporation was indebted to various persons for more than $12,500; that these debts were falling due from day to day; and that the corporation had been compelled to suspend payment of its obligations, and was no longer able to carry on the objects and purposes of its incorporation, had no means of paying its current expenses and maturing obligations that were and would be protested for nonpayment, and the holders of which were ready immediately to enforce their demands by legal seizure of the property, which moreover had by its president, defendant Mickelson, been wrongfully appropriated for his own use. The answer of the corporation admitted all the allegations of the complaint and consented to the appointment of a receiver as asked. So far as the corporation was concerned, this amounted to a confession of insolvency and a consent that the court take full charge of its property and affairs for the payment of its creditors and the protection of its shareholders, and a winding up of its affairs if necessary. Such conduct has been held a waiver of the prerequisites specified in section 6634, G. S. 1913, as authorizing a court to sequester the property of a corporation and wind up its affairs. "That the complainant has not exhausted its remedy at law—for example, not having obtained any judgment or issued any execution thereon—is a defense in an equity suit which may be waived, as it is stated in the opinion in the above case (Hollins v. Brierfield Coal & Iron Co. 150 U. S. 371, 14 Sup. Ct. 127, 37 L. ed. 1113), and when waived the case stands as though the objection never existed." In re Metropolitan Railway Receivership, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. ed. 403. The court also cited Brown v. Lake Superior Iron Co. 134 U. S. 530, 10 Sup. Ct. 604, 33 L. ed. 1021; Town of Mentz v. Cook, 108 N. Y. 504, 15 N. E. 541, and Horn v. Pere Marquette Ry. Co. 151 Fed. 626.

Without deciding whether a waiver by the corporation binds its share-

holders under all circumstances, we think that appellant should be held to be so bound here. The record points clearly to the fact that he had knowledge of the receivership from the start, and for almost two years acquiesced in the waiver made by the corporation. We therefore conclude that the condition of this corporation, as admitted by it, gave the court authority to order a sale of its property when it appeared necessary to pay its lawful obligations. A court of equity was properly in charge of all the assets, and its duty was to make proper distribution thereof when it was clear that the corporation would never be in a position to pursue the objects of its organization.

The claim that the sale was improvidently granted cannot be sustained. We believe the record fully vindicates the action of the court. There were claims allowed against the corporation, amounting to more than $15,000, not including interest. Most, if not all, of these debts or claims were nearly two years overdue. The affidavit of appellant, upon which the application to vacate the order of sale was predicated, states not a single fact tending to dispense with the necessity of a sale.

In our opinion the lower court had jurisdiction to appoint a receiver, and appellant has failed to show that the court erred in any one of the three subsequent orders attacked by this appeal.

The orders are affirmed.