# DOUGAL R. STEWART AND ANOTHER v. JOHN CAMERON AND ANOTHER.[1]

December 22, 1922.

No. 23,321.

**Appointment of receiver proper.**

> Appeal from an order overruling a general demurrer to the complaint, and from the appointment of a receiver. *Held* that the demurrer was properly overruled and that the court was within its discretion in appointing a receiver, under the showing contained in the record.

Action in the district court for Hennepin county for the appointment of a receiver to take charge of the property pendente lite and for a restraining order. From an order Bardwell, J., overruling a general demurrer to the complaint and from the appointment of a receiver, defendants appealed. Affirmed.

*Walter H. Hennessey* and *Ludwig O. Solem,* for appellants.

*H. V. Mercer, Johnson & Co.* for respondents.

QUINN, J.

The complaint bears date September 12, 1922. It asks for the appointment of a receiver to take charge of the property involved in this action pending the litigation, and for a restraining order.

It is alleged in the complaint that the plaintiff Stewart holds the fee to the real estate in question, and that the plaintiff Haney holds a mortgage of $25,000 thereon; that on February 15, 1921, the plaintiffs executed a lease of the premises, including the apartment buildings thereon, to the defendants for the term of 15 years; that there was, at the time of the execution of the lease, certain furniture in the apartments which was taken over by the defendants at a stipulated price; that the defendants thereafter subdivided the buildings into about 70 apartments, and furnished and leased the same to divers tenants, at a gross income of approximately $2,000 per month;

[1]Reported in 191 N. W. 49.

that, by the terms of the lease, defendants agreed to execute to the plaintiffs a chattel mortgage upon all of such furniture to secure the performance of the covenants of the lease; that the furniture in the apartments should remain therein for the period of one year from the expiration of the lease; and that defendants would keep the premises fully insured; pay all assessments and taxes and interest upon the mortgage; make all necessary repairs and improvements, and pay the flat rent as provided in the lease.

It is also alleged that the defendants have retained all the rents and income from the apartments, and refused to pay the rent, interest upon the mortgage, the insurance, taxes or assessments levied against the premises; that there is due and owing from defendants to the plaintiffs the sum of $4,789.84 as rent for said premises, and that defendants refuse to execute the chattel mortgage upon the furniture as agreed upon in the lease.

It is further alleged that, in order to save the property, it became necessary for plaintiffs to increase the encumbrance thereon by adding one mortgage of $5,000, and a second mortgage for $4,300; that the giving of such additional mortgages became necessary in order to enable them to take care of the default of the defendants, and accordingly defendants signed said mortgages and the notes secured thereby, with a view of making good their default; that the mortgage last mentioned provided for payments in monthly instalments of $200; that, at the time of the commencement of this action, the defendants were in default thereon; that the defendants are insolvent; that the furniture purchased by defendants was paid for with the rentals obtained from leasing the apartments, and that plaintiffs claim an equitable lien thereon.

The whole matter was set for hearing on September 27, 1922. At the time it was agreed in open court between counsel for the respective parties, that all rents collected up to such time as the matters might be heard, should be paid to and held by one of the attorneys for the plaintiffs, and an order of the court to that effect was made and entered and the hearing was accordingly continued to a future date. The stipulation and order were not complied with. After much dilly-dallying, a demurrer to the complaint and motion for

the appointment of a receiver was argued and submitted to the court, and on October 28, 1922, an order was filed overruling the demurrer and appointing a receiver. On October 30 a notice of appeal and copy of a supersedeas bond were served on the attorneys for the plaintiffs, and on November 2 an order to show cause was issued out of this court, returnable on November 6 wherein Ludwig O. Solem appeared and served a brief, as attorney for the defendants, without any notice of substitution.

We see no reason why the provisions of section 4953, G. S. 1913, as to the substitution of attorneys, should not have been complied with. However, we have examined the entire record and are of the opinion that the court below was wholly within its discretion in appointing a receiver under the allegations of the complaint and the showing made. The demurrer was properly overruled.

Affirmed.