# O'BRIEN MERCANTILE COMPANY v. BAY LAKE FRUIT GROWERS ASSOCIATION.
## GOWAN-LENNING-BROWN COMPANY v. SAME DEFENDANT.[1]

February 3, 1928.

Nos. 26,464, 26,468.

**When general creditor may obtain receiver to enforce constitutional liability of stockholders.**

1. A general creditor who has not reduced his claim to judgment and procured the return of an execution unsatisfied as required by G. S. 1923, § 8013, may; in equity, procure the appointment of a receiver of an insolvent corporation to enforce the constitutional liability of stockholders.

**Standing in court of general creditor and judgment creditor of insolvent corporation.**

2. A general creditor by virtue of the power of equity or by virtue of G. S. 1923, § 9389, has a standing before the court equal to that of a judgment creditor who has exhausted his legal remedies as contemplated by § 8013, except as to the burden of proof.

**Selection of receiver to be made by court appointing him.**

3. The selection of the receiver lies with the court appointing him.

Corporations, 14 C. J. p. 1054 n. 14.
Receivers, 34 Cyc. p. 146 n. 22.

One action by the O'Brien Mercantile Company in the district court for Crow Wing county and another by the Gowan-Lenning-Brown Company in the district court for Aitkin county, both to enforce the double liability of stockholders in the Bay Lake Fruit Growers Association. From orders, Torrance, J. appointing a receiver and denying the application for appointment of the trustee in bankruptcy as receiver, the Gowan company and the Bay Lake company respectively appealed. Affirmed.

*Smythe & Lacy, Wieland & Sullivan* and *Louis Hallum,* for appellants.

*Ryan, Ryan & Ryan,* for respondent.

[1]Reported in 217 N. W. 940.

WILSON, C. J.

There are two actions. Each sought the appointment of a receiver of the Bay Lake Fruit Growers Association. The action first commenced was prosecuted by the O'Brien Mercantile Company, a general creditor, whose claim had not been reduced to judgment. The other was prosecuted by Gowan-Lenning-Brown Company, which having acquired an assignment of a small judgment pressed its suit as a judgment creditor.

The ultimate purpose in both actions was to enforce the stockholders' double liability. The corporation had been adjudged a bankrupt. The first action sought the appointment of Donald I. Ryan as receiver and the second that of the trustee in bankruptcy. Appropriate applications were made in each action and were heard and submitted to the court as if the two applications were consolidated.

The court filed separate orders. In the first action he appointed Ryan as receiver. In the second action he denied the application for the appointment of the trustee. The Bay Lake Fruit Growers Association appealed from the one order, and the Gowan-Lenning-Brown Company appealed from the other. By consent of the parties the appeals have been consolidated in this court. Hence we discuss the questions as if covered by one order, and we shall refer to the Gowan-Lenning-Brown Company as if it were the sole appellant.

1. The statutory proceeding for sequestration of the assets of a corporation contemplates that the creditor must first exhaust his legal remedies, which is evidenced by the entry of a judgment and the return of an execution unsatisfied. G. S. 1923, § 8013. This prerequisite is a precautionary measure to protect a debtor from too hasty action in the drastic sequestration proceedings. The appellant was before the lower court, and is here, as a creditor who brought himself within the requirements of the statute.

The O'Brien Mercantile Company did not bring itself within the provisions of the statute. It was a general but not a judgment creditor. Because of the debtor's having been adjudged a bankrupt we assume, without deciding, that it could not become a judg-

ment creditor. In any event to do so was a useless proceeding unless merely to qualify to use the statutory proceeding.

A stockholder in an insolvent Minnesota corporation has a definite and certain constitutional liability. The legislature has nothing to do with this liability except to prescribe the procedure for its enforcement. In the absence of such legislation equity will find a way for its enforcement. Way v. Barney, 116 Minn. 285, 133 N. W. 801, 38 L.R.A. (N.S.) 648, Ann. Cas. 1913A, 719. The O'Brien Mercantile Company, in the absence of any other statutory authority, had a right to the aid of equity to enforce the stockholders' liability and to that end to have a receiver appointed.

However the general creditor in such situation has a right to ask for the appointment of a receiver by virtue of G. S. 1923, § 9389, subds. 3 and 4. N. W. Nat. Bank v. Mickelson-Shapiro Co. 134 Minn. 422, 159 N. W. 948.

2. It is the claim of the appellant that, in so far as the sequestration statute extends, the remedy is exclusive and it is entitled as a matter of law to have its demands recognized as against the general creditor, which in substance it classifies as standing in a comparatively inferior position before the court. We cannot approve this contention but hold that creditors before the court under G. S. 1923, §§ 8013, 9389, or by virtue of equity are all of equal standing. The remedy provided by the statutory provisions is not a limitation upon the power of equity. N. W. Nat. Bank v. Mickelson-Shapiro Co. 134 Minn. 422, 159 N. W. 948. It is an additional remedy, in that it provides the doing of certain things which make a prima facie case for plaintiff while the plaintiff seeking the appointment of a receiver under the rules of equity to enforce the stockholders' liability must prove the things which, under § 8013, are inferred from the entry of judgment and an execution returned unsatisfied.

3. The net result is that the parties stood equally before the court in asking for the appointment of unobjectionable persons. Both parties asked for a receiver, which they got. The appellant did not get its choice. That is not serious nor important in so far as our duty is concerned. The selection of the receiver lies with the court appointing him. 5 Dunnell, Minn. Dig. (2 ed.) § 8249a.

Both orders are affirmed.