# CARL B. MUNCK v. SECURITY STATE BANK OF OWATONNA AND OTHERS.[1]

June 29, 1928.

No. 26,406.

**When appointment of receiver cannot be attacked collaterally.**

1. The appointment of a receiver where the court has jurisdiction is not subject to collateral attack.

**When receiver cannot attack a chattel mortgage.**

2. A receiver cannot attack a chattel mortgage as void as to creditors because not recorded, without showing that he occupies a status entitling him to assail it; and where his appointment is not under a statute giving him such right, or in a proceeding supplementary to execution or some analogous proceeding, he cannot attack it.

**Statute making chattel mortgage void does not apply to general creditors.**

3. G. S. 1923, § 8345, making a chattel mortgage void as to creditors unless recorded, does not apply to general creditors but to such as are armed with process, or to a receiver representing creditors and vested with the right to attack. It is not enough that the plaintiff be a receiver who has succeeded to the property and rights of the debtor.

Chattel Mortgages, 11 C. J. p. 515 n. 15.
Receivers, 34 Cyc. p. 164 n. 26; p. 226 n. 33.

Defendants appealed from an order of the district court for Steele county, Enersen, J. denying their motion for a new trial. Reversed.

*Leach & Leach,* for appellants.
*Sawyer, Gausewitz & Lord,* for respondent.

DIBELL, J.

Action by the plaintiff, as receiver of Hubert G. Rockwood, against the Security State Bank of Owatonna, as trustee, and 20 other defendants, beneficiaries under a bill of sale in fact a chattel mortgage. The prayer was for judgment removing the cloud on

[1]Reported in 220 N. W. 400.

plaintiff's title, adjudging the claims of the defendants to be void and the plaintiff to be the owner of the property described in the bill of sale. There were findings for the plaintiff, and the defendants appeal from an order denying their motion for a new trial.

The facts are involved. In June, 1926, one George R. Kinyon brought an action against Hubert G. Rockwood. There were seven causes of action. Six were on accounts stated, assigned to the plaintiff. The seventh alleged that in April, 1925, an action was brought by Edith M. Rockwood, the divorced wife of Hubert G. Rockwood, for the dissolution of a partnership which she claimed existed between them in a retail meat and grocery business at Owatonna; that one Lynn Olson was appointed receiver in the partnership action on April 28, 1925; that he took into his custody the property of Rockwood; that as receiver he sold the property to one Manthey, who purchased in behalf of Rockwood, and gave him a bill of sale; that the court later decided that there was no partnership; that Manthey assigned the bill of sale to the Security Bank, as trustee; that Rockwood went into possession and conducted the business in the usual way; that the bill of sale was not recorded; that there was a judgment of $442.46 against Rockwood; that there was a judgment against him for $650 suit money in the divorce action; that he was insolvent; and that he was wasting and dissipating his estate. The prayer was that the plaintiff have a money judgment against the defendant upon the six causes of action and that a receiver be appointed for all his property, including the property in the custody of Olson as receiver in the partnership suit, with the usual powers and duties of a receiver. Findings were made, and on June 9, 1926, judgment was entered in favor of the plaintiff upon the six causes of action for $971.40, with interest, and plaintiff was appointed receiver and authorized to conduct the business of the defendant. Jurisdiction was acquired of Rockwood. He did not appear.

It appears from the evidence in the suit at bar that the bank executed an instrument reciting that it received the bill of sale in a trust capacity only and that it obligated itself only to hold

the bill of sale as security. Rockwood obtained the money with which Manthey purchased from Olson by giving 20 separate notes of $200 each to the bank. Each of the other 20 defendants signed one of them. The purpose was to enable Rockwood to refinance himself. This bill of sale, in substantial effect a purchase money chattel mortgage, was not filed at the time of the appointment of the plaintiff as receiver. On June 12, 1926, the court allowed the account of Olson as receiver and discharged him. In the order allowing it, the receiver was directed to deliver to Mrs. Rockwood the property awarded her by the judgment in the action for divorce and to deliver to Rockwood the personal property awarded to him by delivering it to the plaintiff, appointed receiver by the judgment of June 9, 1926. Rockwood appeared in the partnership action and no appeal was taken.

1. It is not usual practice to bring an action for the recovery of a money judgment and in that action and as a part of the judgment secure the appointment of a receiver as well as a money judgment; and it is not readily understood how the seventh cause of action gave the plaintiff a right to a receiver; nor why, in the partnership receivership proceeding, when it was found that there was no partnership, there should have been a transfer of the property of Rockwood by the partnership receiver to the receiver later appointed in the Kinyon action. A receivership is ancillary to a main action. Red River P. G. Assn. v. Bernardy, 126 Minn. 440, 148 N. W. 449. But the rule is settled that the appointment of a receiver cannot be attacked collaterally if the court has jurisdiction of the subject matter. 5 Dunnell, Minn. Dig. (2 ed.) § 8252, and cases cited. The district court has general jurisdiction over the appointment of receivers. Lowell v. Doe, 44 Minn. 144, 46 N. W. 297; N. W. Nat. Bank v. Mickelson-Shapiro Co. 134 Minn. 422, 159 N. W. 948; G. S. 1923, § 9389; 5 Dunnell, Minn. Dig. (2 ed.) § 8248. It had jurisdiction of the person of Rockwood. Even were it error to appoint a receiver, the appointment cannot be attacked in the action at bar.

2. It is the rule that a receiver takes such title as the debtor has. Sawyer v. Harrison, 43 Minn. 297, 45 N. W. 434. The bill of sale

was valid between the parties, and the beneficiaries were entitled to the security which it gave. They advanced the money for Rockwood in good faith. It was not necessary as between them and Rockwood that the mortgage be recorded. To set aside the transfer, it was necessary that the plaintiff be a receiver entitled to assail it as the representative of creditors. The plaintiff is not a receiver in a proceeding supplementary to execution. His action is not a creditors' bill. The receiver is not in a position to assail the chattel mortgage as in fraud of creditors or as void as to them. Sawyer v. Harrison, 43 Minn. 297, 45 N. W. 434; Tvedt v. Mackel, 67 Minn. 24, 69 N. W. 475.

3. The statute provides:

"Every mortgage of personal property shall be void, as against the creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith, unless it appears that such mortgage was executed in good faith, and not for the purpose of hindering, delaying, or defrauding any creditor of the mortgagor, and unless, in addition thereto, the giving of such mortgage is accompanied by immediate delivery, and followed by actual and continued change of possession of the mortgaged property, or, in lieu thereof, the mortgage is filed as hereinafter provided." G. S. 1923, § 8345.

It is claimed that because the bill of sale was not filed before the receivership it was void as to creditors. The statute quoted is applicable, though the chattel mortgage takes the form of a bill of sale. Clark v. B. B. Richards Lbr. Co. 68 Minn. 282, 71 N. W. 389. It does not apply to a general creditor. The plaintiff must be one armed with legal process, or a receiver vested with the right to attack the mortgage because of a failure to file. In our last case construing this statute, we said "that while the bank [the creditor] in ordinary parlance was a creditor, it was not such under G. S. 1923, § 8345, which contemplates a creditor who has laid hold of the mortgaged property armed with legal process and not a general creditor." Singer v. Farmers State Bank, 166 Minn. 327, 207 N. W. 631.

It is unnecessary to discuss the effect of Rockwood's selling in due course of business without accounting or replenishing the stock. There was no provision in the mortgage as to what he might do; nor is the plaintiff in position to attack what was done. This is discussed above.

It is not claimed that the uniform fraudulent conveyance act, G. S. 1923, § 8475, et seq. has application.

The result is that the plaintiff, as receiver, owns the mortgaged property subject to the claims of the trustee and the beneficiaries under the bill of sale.

Order reversed.