## HARRY MONNENS v. HENRY SIMONS LUMBER COMPANY AND OTHERS.[1]

September 30, 1932.

No. 29,045.

*F. C. & H. A. Irwin* and *W. F. Odell,* for appellant.
*Joseph J. Moriarty,* for respondent.

DIBELL, J.

The complaint asked for the appointment of a receiver for a pickling plant at Shakopee owned by the defendant Borchardt, in-

[1]Reported in 244 N. W. 410.

cluding warehouses, tanks, equipment, and a stock of manufactured products; for an accounting, for a sale of the plant, and for the payment of the creditors of Borchardt. The defendant H. P. Fischer, trustee, demurred to the complaint upon the ground of insufficiency of facts and upon other grounds which we do not discuss. The demurrer was overruled, and the defendant Fischer as trustee appeals.

The facts are detailed at length in the complaint. In the spring of 1931 the defendant Borchardt constructed a pickling factory at Shakopee, operated it, bought cucumbers of the farmers and growers, and did not pay all due them. He bought of a large number of producers to the amount of $20,000 and shipped away large quantities of pickles. The plaintiff entered into a contract to deliver cucumbers at the plant, and on September 1, 1931, a balance of $30 was due him and he was unable to collect. There were mechanics' liens against the plant in favor of those who had furnished work and material in construction and by others who had done work in connection with the making of pickles. One Wefelmeyer claimed that he was the owner of the buildings and equipment, that Borchardt owed him rent in the sum of $3,200, and that on January 2, 1932, Borchardt gave him a chattel mortgage for that amount. The plaintiff does not claim a lien upon the property because he sold cucumbers to Borchardt. At most he has a personal claim secured by the mortgage. His allegation is that about September 1, 1931,

"the defendant Borchardt was indebted to said farmers and growers for cucumbers and pickles delivered and accepted by him in an amount of about six thousand dollars ($6,000), and that at said time a large number of said farmers and growers demanded payment for the respective amount of pickles which they so delivered, and that defendant Borchardt made and executed to the defendant Fischer as trustee, a certain chattel mortgage, securing the payment of five thousand seven hundred seventy-five dollars ($5,775), said mortgage covering all stock of pickles, brine, and the like in said plant as aforesaid, and that said mortgage contained a pro-

vision that said mortgage was given in the interim between the execution of a trust agreement for settlement of claims for growers and to be satisfied upon the execution of such trust agreement and if no trust agreement be signed, the above named trustee to enforce said mortgage for the benefit of claimants filing a claim with said trustee, and that said mortgage was filed in the office of the Register of Deeds of Scott County, Minnesota, on or about the 4th day of September, 1931, and that as to whether or not any trust agreement was made or executed subsequent to the execution of said mortgage or not this plaintiff is unable to state but does allege that defendant Borchardt now claims that a trust agreement was entered into, and that he acted thereon and that said mortgage is of no force or effect, and that the defendant Fischer as such trustee is now attempting to foreclose said mortgage, and that the defendant Borchardt is attempting to resist such foreclosure."

The plaintiff's claim is that under this mortgage he is a beneficiary, and if anything comes from it he will be entitled to participate. There is nothing in the complaint which suggests that it was wrong for Fischer to foreclose, and nothing which challenges his good faith or his good judgment in making the foreclosure. It is not stated in the pleadings whether the foreclosure is being had by action or by advertisement. It was stated at the argument to be by advertisement. There might be a foreclosure by action, and perhaps such a foreclosure in a case of this kind would better guard the rights of claimants, for the court could mould the relief to meet the situations developed and properly marshal the assets. Teidt v. Boyce, 122 Minn. 283, 142 N. W. 195; Sheldon v. Brown, 72 Minn. 496, 75 N. W. 709. And if a proper showing were made a receiver might be appointed. See Sheldon v. Brown, 72 Minn. 496, 75 N. W. 709; Northland Pine Co. v. Melin Bros. Inc. 136 Minn. 236, 161 N. W. 407, 1 A. L. R. 1463; Stewart v. Cameron, 154 Minn. 93, 191 N. W. 49.

There is nothing before us except Fischer's demurrer to the complaint. We do not know what was done as to the other defendants, nor are we concerned with any action of the court relative to them.

We do not know whether they demurred or answered or consented to the appointment of a receiver, or whether one was appointed. All we have before us is the objection of Fischer to the sufficiency of the complaint.

From the complaint as quoted above we know that there was in contemplation the making of a "trust agreement for settlement of claims for growers." If no trust agreement was made the trustee was to enforce the mortgage. This he is attempting to do and is met by the claim of Borchardt that a trust agreement was made and that the mortgage is of no effect. As far as we are informed, Fischer is carrying on the litigation as he should. There is an allegation, it is true, that the reasonable value of the stock of pickles at the time of commencement of this action was $6,000; that they required immediate attention for preservation; and that no person was taking any steps to protect them. This does not charge fault in Fischer. There is no charge sufficiently specific to put him in the wrong. It is clear that the plaintiff has no interest except as he is a beneficiary in the mortgage. Fischer is the one to foreclose it and is foreclosing it. If the facts happen to require it, he might have a receiver appointed as ancillary to his foreclosure. The plaintiff might complain in some form if Fischer were wasting the mortgaged property or otherwise doing wrong. He is not entitled as against the trustee, Fischer, to a receiver and the sale of the assets of Borchardt. A receivership, it may be noted, is ancillary to the enforcement of a substantive right. See Red River P. G. Assn. v. Bernardy, 126 Minn. 440, 148 N. W. 449; Munck v. Security State Bank, 175 Minn. 47, 220 N. W. 400. None is alleged. The controversy on this appeal is between the plaintiff and the trustee foreclosing; and the plaintiff does not show that he is being wronged nor that the trustee is a proper party to the litigation of any right which he has.

Order reversed.