**OTTE v. COOKS, Inc.**

Civ. A. 4644.

United States District Court
D. Minnesota, Fourth Division.

Aug. 24, 1953.

Solomon Wasserman, Minneapolis, Minn., for plaintiff.

Fred Sorenson, Minneapolis, Minn., for defendant.

JOYCE, District Judge.

This matter is ancillary to a bankruptcy proceeding previously had in this court.

The plaintiff, Jeanette Otte, filed a petition in bankruptcy on February 5, 1951, and in the schedules annexed thereto defendant was listed as a creditor. The claim of the defendant was for a debt owing for goods sold and delivered to the plaintiff in January 1951. On July 16, 1952 the Referee in Bankruptcy entered an order in the usual form discharging plaintiff from all debts and claims provable against her estate

except such as were excepted by the Bankruptcy Act from the operation of such discharge.

Subsequently, the defendant proceeded to enforce its claim by suit in the Municipal Court for the City of Minneapolis in which suit the plaintiff appeared and defended, claiming the obligation was discharged by the order in bankruptcy.

The trial court, upon its finding that Jeanette Otte impliedly represented at the time she purchased the goods that she intended to pay therefor, that Cook's Inc. relied on such representation, but that in fact she then had no such intention to pay, determined that the obligation was excepted from the operation of the discharge by Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, and on July 3, 1953 ordered entry of judgment for Cook's Inc. Cook's then caused a garnishment to issue against plaintiff's employer impounding certain sums then due her as wages.

Plaintiff then proceeded here by filing her complaint in the nature of an ancillary bill in equity to obtain a determination in this court that the order of discharge is a bar to defendant's claim.

The matter is now before the court on a motion for an injunction, enjoining defendant from enforcing the order for judgment (or judgment if the same has been entered) by garnishment, execution or otherwise.

Plaintiff claims the interpretation placed on Section 17 by the Municipal Court is erroneous and contrary to the decision in Davison-Paxon Co. v. Caldwell, 5 Cir., 115 F.2d 189, 133 A.L.R. 432. The problem here, however, as will be indicated, does not go to the question of the proper interpretation to be placed on Section 17 of the Act but rather whether this court should now intervene in the matter.

■ Whether a particular claim is barred by an order of discharge or survives under the provisions of Section 17 of the Act, is not a matter within the exclusive jurisdiction of the Bankruptcy Court but may be decided by any court having jurisdiction of the subject matter of the claim

and of the parties. Harrison v. Donnelly, 8 Cir., 153 F.2d 588; In re Grover, D.C. Minn., 63 F.Supp. 644.

Here the Municipal Court determined that precise issue. As was said in In re Devereaux, 2 Cir., 76 F.2d 522, 523:

"* * * the court found the facts and the law against the bankrupt's claim that the judgment was released. To permit the same issue to be relitigated in the bankruptcy court, while the order of the state court remains unreversed, is contrary to the most elementary principles of res judicata and the comity which exists between federal and state courts."

In re Grover, supra, also holds that prior litigation of the issue precludes resort to the bankruptcy court. See also Note, 141 A.L.R. 1380.

In Davison-Paxon Co. v. Caldwell, supra, relied on by the plaintiff, jurisdiction was exercised to enjoin enforcement of a state court judgment but there the judgment was rendered prior to the order of discharge and concededly was not res judicata of the question. Compare Beneficial Loan Co. v. Noble, 10 Cir., 129 F.2d 425. It was there held improper for the Bankruptcy Court to inquire into the issue of fraud litigated in the state court even where the judgment in such action was entered prior to the order of discharge in bankruptcy.

■ Here the Municipal Court had jurisdiction and if it failed to apply correctly the provisions of the Bankruptcy Act the remedy lies in the right of appeal from its decision. In re Devereaux, supra; Hellman v. Goldstone, 3 Cir., 161 F. 913.

■ That such appeal may be, as claimed, unduly expensive in view of the amount involved, see Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, is not a relevant factor here where the court is precluded from acting by the rule of res judicata.

Accordingly, it is ordered that the motion be and the same hereby is denied, the restraining order heretofore issued is vacated, and the complaint herein is dismissed.