Kathleen POOLMAN, Appellant,

v.

William F. POOLMAN, Bankrupt, Appellee.

No. 16612.

United States Court of Appeals Eighth Circuit.

April 26, 1961.

John E. Downs, St. Joseph, Mo., James W. Steele, of Downs & Pierce, St. Joseph, Mo., on the brief, for appellant.

O. R. Newcomer, St. Joseph, Mo., for appellee.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment which, in effect, determined that the obligation of William F. Poolman, bankrupt, to make payments on a note secured by deed of trust upon a home occupied by his divorced wife and children was not within the exceptions of Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, which makes debts "for alimony due or to become due, or for maintenance or support of wife or child," nondischargeable in bankruptcy.

The obligation of Poolman to his divorced wife, the appellant, arose out of a Separation Agreement they entered into November 25, 1957, in contemplation of divorce, to settle their property rights and "all right of support and maintenance" of the wife and all rights growing out of the marriage relationship. Under the agreement, Poolman was to pay the wife $50 per week for the support and maintenance of their three children, the amount to be diminished as they became emancipated or reached majority and to cease when they all acquired that status; and the wife was to have the home in St. Joseph, Missouri, which Poolman and she owned subject to a trust deed securing a joint note. Poolman agreed to convey his interest in this property to her and to make the necessary payments on the deed of trust. Mrs. Poolman was granted a divorce on November 27, 1957, and was awarded custody of the children.

Poolman defaulted in the payment of installments of $70 per month under the trust deed, and his divorced wife had to borrow money to pay them. On April 16, 1959, she obtained, in a state court, a judgment against him for $490, the amount she had paid, and garnished his wages. On September 17, 1959, Poolman filed a petition in bankruptcy, scheduling the judgment as an unsecured provable debt. He also scheduled the balance due on the note, $5,967.12, secured by the trust deed.

Poolman on March 14, 1960, obtained a discharge from his provable debts, despite the objections of his divorced wife that his debt to her was not dischargeable. The Referee in Bankruptcy did not feel called upon to determine the question of the dischargeability of the debt, and

overruled her objections. She did not petition for a review of the order of the Referee granting the bankrupt a general discharge.

On April 4, 1960, Poolman brought this ancillary proceeding in bankruptcy to secure release of the garnishment of his wages and to restrain further proceedings against him in his divorced wife's action in state court on his judgment debt to her growing out of his default in making installment payments on the trust deed.

The District Judge ruled (1) that the bankruptcy court had authority, in view of Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, to enjoin the enforcement of the state court judgment obtained by Mrs. Poolman if it was a dischargeable obligation; and (2) that the debt evidenced by the state court judgment was not within the exceptions of Section 17 of the Bankruptcy Act and was dischargeable in bankruptcy. Judgment was entered enjoining Mrs. Poolman from taking further proceedings to collect the debt.

This Court, in Harrison v. Donnelly, 8 Cir., 1946, 153 F.2d 588, had occasion to consider the authority of a bankruptcy court to determine the effect of its order of discharge. We said (at pages 589–590 of 153 F.2d):

"* * * Formerly the federal courts held that the bankruptcy court could not determine upon a bankrupt's application for a discharge whether the debt due a particular creditor was to be excepted from the operation of the discharge, the only proper issue being the bankrupt's right to a discharge; and that the effect of the discharge, if granted upon a particular claim is to be determined when the discharge is pleaded or relied upon as a defense to the enforcement of such claim. In re Thomas, D.C.Iowa, 92 F. 912; In re Rhutassel, D.C.Iowa, 96 F. 597; In re Havens, 2 Cir., 272 F. 975. However, since the decision of the Supreme Court in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, the jurisdiction of a bankruptcy court to limit the effect of its own order of discharge is no longer questioned. But the court is not bound to exercise such jurisdiction and does not do so under usual circumstances. In re Devereaux, 2 Cir., 76 F.2d 522, certiorari denied [Devereaux v. Belsey], 296 U.S. 589, 56 S. Ct. 100, 80 L.Ed. 416; In re Barber, 3 Cir., 140 F.2d 727; Watts v. Ellithorpe, 1 Cir., 135 F.2d 1. Such power should be exercised by the court only when a failure to act will result in embarrassment to the bankrupt or the creditor. The approved practice at present, unless such result is shown to exist, is to enter a general order of discharge and permit the bankrupt to plead his discharge as a defense in the state or other court where the creditor seeks to enforce his claim. The court having jurisdiction of the subject matter of the claim and of the parties is competent to determine whether the debt is affected by the discharge in bankruptcy or whether the claim is excluded under any of the provisions of § 17, 11 U.S.C.A. § 35. Greenfield v. Tuccillo, 2 Cir., 129 F.2d 854; In re Byrne, 2 Cir., 296 F. 98; In re Anthony, D.C.Ill., 42 F.Supp. 312; In re Grover, D.C.Minn., 63 F.Supp. 644."

In that case we affirmed the granting of a general discharge of a bankrupt excepting a nondischargeable debt. See, also, Ciavarella v. Salituri, 2 Cir., 153 F.2d 343; Matter of Forgay, D.C.Utah, 140 F.Supp. 473; and compare Otte v. Cooks, Inc., D.C.Minn., 113 F.Supp. 861.

■ Since, in the instant case, Mrs. Poolman's attempts to collect her judgment by tying up the bankrupt's wages and perhaps jeopardizing his continued employment can be considered extraordinarily burdensome if, in fact, she had no enforceable judgment after his discharge in bankruptcy, Local Loan Co. v. Hunt, supra (292 U.S. 234, 54 S.Ct. 695,

78 L.Ed. 1230), would seem to authorize the granting of injunctive relief. While it is by no means certain that the District Judge should have entertained this ancillary proceeding, we think it cannot be said that he abused his discretion or clearly erred in entertaining the bankrupt's petition.

■ We are convinced, however, that the state court judgment evidenced a liability for "maintenance or support of wife or child" within the meaning of Section 17 of the Bankruptcy Act, and was not a dischargeable debt. It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads. It is obvious that that is what the bankrupt undertook to do when he agreed to keep up the installment payments on the trust deed upon the home in which his divorced wife and his children were to live. That the obligation has become unduly burdensome cannot be considered in determining the legal effect of his discharge.

In Wetmore v. Markoe, 196 U.S. 68, 77, 25 S.Ct. 172, 176, 49 L.Ed. 390, the Supreme Court, before the Bankruptcy Act expressly excepted liability for maintenance or support of wife or child, said:

"* * * Unless positively required by direct enactment the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children."

In this same case it was said (196 U.S. at page 72, 25 S.Ct. at page 174):

"* * * The mere fact that a judgment has been rendered does not prevent the court from looking into the proceedings with a view of determining the nature of the liability which has been reduced to judgment."

See, also: Audubon v. Shufeldt, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009; Dunbar v. Dunbar, 190 U.S. 340, 23 S.Ct. 757, 47 L.Ed. 1084; Blackstock v. Blackstock, 8 Cir., 265 F. 249, 251; In re Runge, D.C.E.D.N.Y., 15 F.Supp. 31; In re Ridder, 2 Cir., 79 F.2d 524, 103 A.L.R. 719, certiorari denied Ridder v. Ridder, 297 U.S. 721, 56 S.Ct. 599, 80 L.Ed. 1005; Hylek v. Hylek, 7 Cir., 148 F.2d 300.

Our conclusion is that the state court judgment debt, which was based upon the bankrupt's contractual obligation to make payments on the trust deed encumbering the home occupied by his divorced wife and children, was not dischargeable in bankruptcy and was not affected by the bankrupt's discharge.

The judgment appealed from is reversed, and the case is remanded with directions to dismiss the bankrupt's ancillary proceeding.