In the Matter of Carl James BREAUX,
and Tammy Lynn Peltier
Breaux, Debtors.

Dena Ann STELLY, Plaintiff,

v.

Carl James BREAUX, Defendant.

Bankruptcy No. 480–0035–LO.
Adv. No. 480–0097.

United States Bankruptcy Court,
W. D. Louisiana,
Lafayette—Opelousas Division.

Jan. 20, 1981.

Jan F. Rowe, Abbeville, La., for debtors.

Michael J. Herpin, Kaplan, La., for plaintiff.

## OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

This cause came for trial at Opelousas, Louisiana, on December 8, 1980, upon the complaint of Dena Ann Stelly, the Plaintiff herein, to determine the dischargeability of a debt in the bankruptcy of Carl James Breaux and Tammy Lynn Peltier Breaux. The Attorney for the Debtors is Jan F. Rowe of Abbeville. Michael J. Herpin is the Attorney for the Plaintiff.

## STATEMENT OF THE CASE

On October 20, 1979, Dena Ann Stelly, the Plaintiff herein and Carl James Breaux, the Debtor herein, were married. About 6 months later on April 12, 1980, the parties were granted a final divorce. A child born of this marriage was due in late May. In the judgment of final divorce the debtor was ordered to pay $250.00 a month as alimony; all the bills relating to the birth of their child; and after the birth of the child $75.00 a month as child support. The child, Travis Jude Breaux, was born on May 30, 1980. The medical expenses relative to the birth of the child amounted to $2,634.62. On July 18, 1980 Carl James Breaux and his second wife Tammy Lynn Peltier Breaux, the Debtors herein, filed for relief in bankruptcy. The Plaintiff seeks payment of medical expenses incurred by herself and her child relating to the birth of the child. The Debtor alleges that debtors incurred relating to the birth of the child, issue of the marriage between Carl James Breaux and his first wife, Plaintiff herein, are dischargeable in bankruptcy.

## STIPULATIONS OF THE PARTIES

The following stipulations of fact are made by the parties:

1.

The Plaintiff and Defendant were married in Vermillion Parish on October 20, 1979.

2.

The Plaintiff and Defendant were divorced on April 12, 1980 by Judgment of Divorce rendered in "Dena Ann Stelly versus Carl James Breaux," Docket No. 41283 of the Fifteenth Judicial District Court, Vermillion Parish, Louisiana.

3.

TRAVIS JUDE BREAUX, a minor child issue of the marriage between Plaintiff and Defendant, was born on May 30, 1980.

4.

The Judgment of Divorce in Docket No. 41283 condemned the Defendant to pay all necessary and proper bills relative to the birth of their child.

5.

Necessary and proper medical expenses relative to the birth of their child were incurred in the amount of TWO THOUSAND SIX HUNDRED THIRTY FOUR AND 62/100 ($2,634.62) DOLLARS.

6.

The petitions filed in Suit No. 41283 contained no prayer for partition of the community of gains formerly existing between Plaintiff and Defendant.

## CONCLUSIONS OF LAW

The issue before the Court, presented by the pleadings and the stipulations of the parties, is whether the medical expenses related to the birth of the child, issue of the marriage, which the husband was ordered to pay in the Judgment of Divorce, is dischargeable in his bankruptcy.

The provision of the Bankruptcy Code which controls in this situation is *11 United States Code § 523(a)(5)*, which lists exceptions to discharge. That section reads as follows:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt * * * (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement...

■ The above section excepts from discharge alimony, maintenance or support to the former wife or child. Debts such as property settlements and payments to the wife in satisfaction of her property rights, over and above what is necessary for the support and maintenance of the wife and child are dischargeable. The appropriate parts of the divorce decree are:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That there be judgment in favor of petitioner and against the defendant awarding to petitioner permanent alimony in the full sum of TWO HUNDRED FIFTY AND NO/100 ($250.00) per month, with the first installment due on April 1, 1980.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the defendant be, and he is hereby condemned to pay all the necessary and proper bills relative to the birth of their child who has an anticipated delivery date in late May, 1980.

IT IS FURTHER ORDERED, AND DECREED That the defendant be and is hereby condemned to pay child support in the amount of SEVENTY FIVE AND NO/100 ($75.00) DOLLARS per month with the first installment due upon the birth of the child, and monthly thereafter until further orders of this Court...

■ Whether the award is termed "property settlement" or "alimony" is not determinative, the Federal Court is to frame the award according to its intended function. How the State Court may have characterized the award,

... is not dispositive, for it is the basis for the creation of the obligation which determines whether it was intended as an equalization of property rights or as sup-

port and maintenance. *In re Woods*, 561 F.2d 27 (1977), 7 Cir.

There are basically two lines of cases which have considered the issue of various lump sum payments incurred for a certain purpose. One line of cases contend that lump sum payments in general whether for attorney fees, hospital bills, or bills for various items purchased are generally in the nature of property settlements. See generally, *Foust v. Foust*, 3 BCD 37. This approach appears too simplistic, a more reasonable approach looks behind the label given the payment, and behind the agreement to determine:

> ... the essential issue of whether the award is for the purpose relating to the obligation to maintain and support a family, *Poolman v. Poolman*, 289 F.2d 332, (1961) 8 Cir.

In the *Poolman* case, rendered in the 8th Circuit, the husband agreed to keep up installment payments on the family home which was awarded to the wife. The court concluded that this debt was not dischargeable.

> It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads. *Poolman v. Poolman*, supra.

In the 2nd Circuit case of *In re Steingesser*, 602 F.2d 36 (1977) 2 Cir., the court reasoned that legal services rendered for the wife in a settlement attempt was included in the husband's duty to provide his wife with necessaries. Necessaries were found to include necessary counsel fees that the wife may incur. The test used in the *Steingesser* case was whether the "debt has its genesis in the failure to provide support, and in the Husband's continuing obligation to support..."

In a District Court decision, *In re Smith*, 436 F.Supp. 469 (1977) 5 Cir., the court follows the reasoning of *Poolman* and looks to the circumstances of the agreement and the debt, as well as the overriding intent. This decision recognized the fact that the obligation to support a family could come in many forms of obligations, therefore the court,

> ... should avoid presumptively discharging the legal and moral obligation of the husband to support, in the absence of clear intention of the parties and the act to do otherwise, *In re Smith*, supra.

The 10th Circuit in the case of *Nitz v. Nitz*, 10th Cir., 568 F.2d 148, 3 BCD 1199 (1977), came to a different conclusion concerning debts incurred by the former spouses. Although the debts were found to be in the nature of a property settlement, the reasoning was correct. The Court looked to whether without the husband's assumption of these debts the wife would be without adequate support, in order to determine the intent of the payments.

■ In applying the facts of the immediate case to the above case law it is undeniable that Dena Stelly would be unable to financially bear the burden of the expenses incurred by the birth of her child. Dena Stelly was unemployed during the duration of her short marriage to the Defendant, and testifies that she possessed no job skills or training in which she would be able to earn a salary comparable to the Defendant. The parties were divorced a month before the birth of the child, and the complications of the birth left her unable to work for some time after the birth of the child.

It is clear that the medical expenses incurred in the birth of the child are closer to the support consideration than providing a roof over his family, *Poolman v. Poolman*, supra; debts on a residence and furnishings, *In re Woods*, supra; debts on open accounts for household goods, *In re Williams*, 5 B.R. 706, 5 BCD 951 (1979) ED Ohio; or legal services, *In re Steingesser*, supra.

The payment of these debts, clearly have the effect of alimony and support. It is also certain that the public policy consideration behind the Bankruptcy Code in giving the debtor a fresh start does not mean that this should be done at the expense of his familial duties. The debt is clearly not dischargeable in bankruptcy. Judgment in accordance with this opinion will be signed upon submission. All costs to be paid by Defendant, Carl James Breaux.