In re Murray J. LYNCH, Debtor.

**Murray J. LYNCH, Plaintiff,**

v.

**Terry B. TURNER, Defendant.**

**Bankruptcy No. 82–03448–2.**
**Adv. No. 83–0494–2.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 5, 1983.

A. Cheryl Bealer, Liberty, Mo., for plaintiff.

Alan D. Schwartz, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In this adversary proceeding debtor seeks to obtain possession of two birds which he claims as exempt property and which are in the possession of his former wife. He also seeks damages for their determination. In her answer defendant denies jurisdiction in this Court, alternatively asks abstention and asserts that debtor has no ownership interest in the birds. In her counterclaim defendant asks for possession of three dogs allegedly wrongfully held by debtor and damages for their detention. She also requests a determination as to the dischargeability of certain debts.

The matter was tried. The parties appeared in person and by counsel. Evidence was heard and the matter taken under advisement.

The interim rules view this type of proceeding as a non-related proceeding for the turnover of property of the estate. Interim Rule (d)(3)(A). The Court, therefore, has jurisdiction. Abstention is not appropriate as the dispute has to be resolved by some court. The proceeding was filed here. The parties appeared and the case tried in about an hour. To require the parties to do it over again is a waste of resources.

The parties were divorced in late 1981. They entered into a property settlement agreement but no mention was made of the disposition of the animals. At that time debtor had possession of the two birds and the three dogs. Shortly thereafter he left Kansas City and gave defendant the birds for safekeeping. He took the dogs with him. When he returned to Kansas City he demanded return of the birds. One had died through no fault of defendant; she refused to give up the other. Defendant contends that debtor gave her the bird, saying he did not want it anymore. Debtor denies that contention.

The evidence shows that the parties were unable to resolve their differences as to possession as of the birds and dogs which they owned at the time of the dissolution of marriage. Defendant took some; debtor took others. There is no question that the dogs were purchased while the parties were together and would be considered property of the marriage. The Noble Macaw, on the other hand, was purchased by debtor after the parties separated but before any decree was entered. It is property of the marriage. Section 452.330, R.S.Mo.1973.

The testimony shows that the parties have agreed to disagree about ownership of these animals. It also reflects that they have not finished fighting about their dissolution of marriage. Cutting through all that the Court is persuaded that debtor is entitled to the Noble Macaw and defendant is entitled to the dogs. Although both parties have prayed for damages there was no evidence presented to support an award. Each expended money for care of the animals in their custody but that is not the basis for a claim for damages. The death of the one bird was not defendant's fault and there is no evidence of damages arising out of that occurrence.

Defendant also prays for a determination that debtor's obligation to pay Household Finance is a nondischargeable debt. It is only nondischargeable if its character is maintenance or support. Section 523(a)(5) of the Code, Title 11, U.S.C. The parties waived maintenance but did agree to divide the debts and hold each other harmless. Defendant contends this is support; debtor argues that it was just a division of debt.

This Court is not bound by characterizations in documents or decrees as to the nature of a debt arising out of a dissolution of marriage. *Poolman v. Poolman,* 289 F.2d 332 (8th Cir.1961); *In re Jensen,* 17 B.R. 537 (Bkrtcy.W.D.Mo.1982). The Court is obliged to consider the evidence presented to determine the nature of the debt as a matter of bankruptcy law. *In re Williams,* 703 F.2d 1055 (8th Cir.1983). Here the evidence shows that debtor had little or no employment at the time of the dissolution and that defendant had a substantial salary. There is no evidence of debtor's earning potential. The statement of affairs in the bankruptcy case, of which the Court takes

judicial notice, shows that the house and car which debtor received as part of the dissolution settlement were both foreclosed upon and repossessed. The statement also shows 1980 income of $11,133.39 and 1982 income of $2,450.00. It shows five months of employment as a mill operator for Midland Color in 1982. The case was filed in December. No salary is shown.

The Court finds in view of the earning capacities of the parties and their relative economic standings that the obligation to pay Household Finance was not support but merely a division of debt. The debt is found to be dischargeable.

The Court ORDERS that the animals be exchanged no later than August 12, 1983. Prayers for damages are DENIED. The Court finds that the debt to Household Finance and the agreement to hold defendant harmless are DISCHARGEABLE.

SO ORDERED this 4th day of August, 1983.