**In Re the Marriage of Barbara Ann LONG, Petitioner, Respondent,**

v.

**Jesse Howard LONG, Appellant.**

**No. C9–87–831.**

Court of Appeals of Minnesota.

Oct. 20, 1987.

Eric S. Rehm, Burnsville, for petitioner, respondent.

Dean A. Nyquist, Henderson, Hass & Nyquist, P.A., Brooklyn Center, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NORTON and LOMMEN,* JJ.

## OPINION

NORTON, Judge.

From judgment in post-dissolution proceedings, Jesse Long appealed and Barbara Ann Long filed a notice of review. The trial court granted respondent's motion for child support arrearages and additional child support, on the grounds that a portion of the property settlement, which had been discharged in bankruptcy, was intended as child support and therefore nondischargeable. The court also ordered appellant to pay respondent for the children's medical insurance, but refused to order reimbursement for additional out-of-pocket medical expenses. The court denied respondent's motion for increased child support and for attorney fees. We affirm, but modify the award of medical costs to include the out-of-pocket expenses.

## FACTS

By stipulated judgment, the marriage of appellant Jesse Long and respondent Barbara Ann Long was dissolved on September 29, 1981. Jesse Long agreed to pay $300 per month for the support of the parties' two minor children. Barbara Ann Long was awarded the parties' homestead, valued at $294,000 and subject to a $100,000 mortgage.

Appellant was to pay respondent $172,300 for settlement of property rights, payable over 20 years, in equal monthly installments of $1896.60. Paragraph 13 of the judgment further provided:

The parties acknowledge that in determining the entire property settlement, including the homestead and other marital property to be divided, the parties recognize that a portion of this is being used for the care and support of the minor children and, therefore, in the

event of the decease of both minor children prior to the age of eighteen (18) years or in the event of a change of custody, upon the happening of either event, [respondent] agrees that the principal amount of the property settlement shall be reduced by the sum of $27,300. Except that the reduction shall decrease by the sum of $3600 per year for each full year, based on an anniversary date of the date of the entry of the judgment and decree herein. In the event the minor children remain in the custody of [Barbara Ann Long] until the age of eighteen years, the principal reduction referred to above shall not occur.

In January 1982, Jesse Long filed a voluntary petition in bankruptcy. His petition listed Barbara Ann Long as an unsecured creditor, and described the debt as "Further Property Settlement for Divorce, Sept. 1981." Barbara Long had actual notice of the bankruptcy proceeding but did not participate in or otherwise contest the dischargeability of the debt. On October 15, 1982, this and other of appellant's claimed debts were discharged by the bankruptcy court.

In February 1987, respondent moved for post-dissolution relief in state district court. She requested a money judgment to compensate for child support that accrued when appellant ceased payments under the property settlement. Respondent claimed that $300 of each property settlement payment was attributable to child support.[1]

Respondent also asked for an upward modification in appellant's child support obligation (based on a substantial change in circumstances), a money judgment of $4000 (based on appellant's failure to maintain medical insurance on the children as required by the dissolution judgment), and an award of attorney fees (based on respondent's costs in enforcing the terms of the dissolution judgment against appellant).

The trial court found:

the children. $27,300 is 15.8% of the total property settlement of $172,300, and $300 is 15.8% of the monthly payment of $1896.

---

1. The property settlement was to be reduced by $27,300 upon the death or change of custody of

[T]he language in Paragraph 13 [the property settlement provision] is clear enough so that initially $27,300 thereof was intended as child support. Since the Bankruptcy Act provides that a debt to a former spouse for support of a child specified in a divorce decree is not dischargeable, that sum is now found to be an arrearage for the number of months between July 1, 1982 and February 28, 1987, or $16,800.

The court ordered appellant to retire the arrearages by paying respondent $50 per month until the $16,800 is paid in full, except that any amount still owing on the arrearages on the date all child support payments otherwise cease shall be paid in a lump sum. With regard to the ongoing child support owed under Paragraph 13, the court ordered appellant to pay an additional $300 per month over a 24–month period.

The court denied respondent's motion for increased child support, finding that although her monthly expenses have increased between 1981 and 1986, those increases are minimal, and "could have been contemplated by the original Decree." The court further found that respondent's gross income in 1986 was $15,446, but that "she states that she has no income from her present employment," although she does receive loan payments of about $1300 per month.

The court found that appellant's net pre-tax earnings had decreased from $49,000 at the time of the dissolution judgment to $39,968 in 1986. The court concluded that: "Based thereon, the Court finds no substantial change in the financial circumstances of [appellant], [respondent], or in the needs of the children, which would require an adjustment of child support at this time in accordance with the guidelines."

In regard to respondent's claim for reimbursement for medical costs, the court found that the dissolution judgment required appellant to be responsible for medical and hospitalization insurance costs for the children until they reach age 18. The court noted that appellant "concedes that he did fail to meet the continuing require-ment of the Decree to carry said insurance, and that he owes [respondent] the sum of $648.00 for failure to carry the insurance and pay said insurance premiums." The court ordered appellant to pay the $648, but refused to require appellant to reimburse respondent for an additional $3357 in out-of-pocket expenses, which respondent alleged would have been covered under the insurance that existed at the time of the dissolution judgment.

Finally, the court denied all motions for attorney fees.

## ISSUES

1. Did the trial court properly find that $27,300 of the property settlement was in the nature of child support and therefore not dischargeable in bankruptcy?

2. Did the court properly deny an increase in child support?

3. Is the court's finding on the amount owed respondent for medical insurance clearly erroneous?

4. Did the court err in denying respondent's motion for attorney fees?

## ANALYSIS

1. A discharge in bankruptcy does not discharge an individual debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C.A. § 523(a)(5) (West Supp.1987). Here, the trial court determined that $27,300 of appellant's debt to respondent was for support of the children, and it therefore found that the debt had not been discharged by the bankruptcy.

■ Appellant first challenges the trial court's determination on jurisdictional grounds. He argues that because the question of whether a debt is exempt from discharge is governed by federal bankruptcy law, respondent should have brought any question about dischargeability to the bankruptcy court. Appellant accurately states that federal law governs the issue. However, state courts can and do apply

federal law. *See, e.g., Jones v. Jones,* 300 Minn. 182, 220 N.W.2d 287 (1974) (Minnesota Supreme Court considered question of whether an assumption of pre-bankruptcy debts by the bankrupt was in the nature of support or alimony, and discussed both federal and state cases that have faced the issue).

■ Appellant next argues that the bankruptcy court's discharge of the debt is final, and that "there is simply no authority in the law to support the concept that the state court can declare the bankruptcy discharge a nullity." This is essentially an assertion that the bankruptcy court proceeding is res judicata on the issue of whether any or all of the debt owed to respondent was in the nature of support.

This court has recently rejected this argument. *See Coakley v. Coakley,* 400 N.W.2d 436 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. April 23, 1987). In that case, the bankrupt spouse had been ordered to pay the family's mortgage debt as additional child support and spousal maintenance. *Id.* at 442. However, in filing his bankruptcy petition, the bankrupt spouse did not separate the disputed debt out from the rest of the debt owed to his spouse. *Id.* This court held that "there is no indication that the bankruptcy court was aware of [the] obligation to provide the family with additional support by paying their home expenses," and concluded that where the bankruptcy court made no finding regarding the nature of the debt, res judicata "cannot be invoked because the issue was never litigated by the bankruptcy court." *Id.* Similarly, because Jesse Long did not separate out that portion of the property settlement that is attributable to child support, the bankruptcy court never addressed the issue, and res judicata cannot be invoked.

■ Appellant also challenges the trial court's determination on the grounds that respondent has the burden of proving non-dischargeability, that she had notice of the bankruptcy proceeding but failed to bring a challenge to the proposed discharge of the entire debt, and that this failure means she has now waived her right to challenge the bankruptcy order.

The statute's language is absolute: "A discharge under section * * * *does not* discharge an individual debtor from any debt" owed to a spouse for the support of children. 11 U.S.C.A. § 523(a)(5) (emphasis added). Furthermore, "[t]he mere fact that a judgment has been rendered does not prevent the court from looking into the proceedings with a view of determining the nature of the liability which has been reduced to judgment." *Wetmore v. Markoe,* 196 U.S. 68, 72, 25 S.Ct. 172, 174, 49 L.Ed. 390 (1904). Rather, as the Eighth Circuit Court of Appeals has held:

> The approved practice at present * * * is to enter a general order of discharge and permit the bankrupt to plead his discharge as a defense in the state or other court where the creditor seeks to enforce his claim. The court having jurisdiction of the subject matter of the claim and of the parties is competent tö determine whether the debt is affected by the discharge in bankruptcy or whether the claim is excluded under any of the provisions of [bankruptcy laws].

*Harrison v. Donnelly,* 153 F.2d 588, 590 (8th Cir.1946), *quoted in Poolman v. Poolman,* 289 F.2d 332, 334 (8th Cir.1961). *See also Otte v. Cooks, Inc.,* 113 F.Supp. 861, 862 (D.Minn.1953) ("Whether a particular claim is barred by an order of discharge or survives under the provisions of [the Bankruptcy Act], is not a matter within the exclusive jurisdiction of the Bankruptcy Court but may be decided by any court having jurisdiction of the subject matter of the claim and of the parties").

■ Failing these preliminary arguments, appellant also challenges the merits of the trial court's determination that the debt was in the nature of support. However, the dissolution judgment specifically states that "the parties recognize that a portion of [the property settlement] is being used for the care and support of the minor children." Moreover, the judgment attaches the specific amount of $27,300 to that portion of the property settlement that would be eliminated if both children were

to die or if their custody is changed. There is no clear error in the trial court's determination that the $27,300 was for support of the children and therefore not dischargeable in bankruptcy.

2. The decision to modify a child support order lies in the broad discretion of the trial court, and an appellate court will reverse only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984)).

■ When considering a motion to modify a child support obligation, the trial court must first determine whether there has been a substantial change in circumstances, including substantially increased or decreased earnings of a party or substantially increased or decreased need of a party. Minn.Stat. § 518.64, subd. 2 (1986).

■ Here, the trial court found no substantial change in circumstances. The trial court found respondent's monthly needs had increased slightly, but that any increase "could have been contemplated by the original decree." The court also found that appellant's net income had decreased from $49,000 to $39,968.

There is no abuse of discretion shown, where appellant's income has actually decreased, respondent's needs have only increased slightly, and appellant is to begin paying an additional $300 per month in accordance with the court's order that he must pay that part of the property settlement that is attributable to support.

■ 3. Barbara Long also alleges the court abused its discretion in requiring appellant to pay only $648 under his obligation to maintain medical insurance for the children. The dissolution judgment required appellant to continue the "existing" medical and hospital insurance. The existing insurance was "full coverage with no deductible." When appellant declared bankruptcy, that insurance was no longer available to him. He eventually procured other insurance on the children's behalf, which respondent alleges "is a reduced

plan with a high deductible." The amount awarded by the court corresponds to the premiums owed under the replacement insurance coverage for those months when appellant provided no insurance.

Respondent claims the court should have required appellant to reimburse her for the deductibles that she has had to pay under his replacement insurance coverage. She asserts that she paid $3352 for medical costs that would have been covered had appellant maintained insurance similar to that which was existing at the time of the dissolution.

Because the dissolution judgment provided for continuation of the "existing" coverage, respondent appropriately requests reimbursement for all medical costs that would have been paid under that coverage. The dissolution judgment states that appellant "shall be responsible for all costs of such insurance." Respondent's request is essentially a plea for enforcement of the judgment, and the trial court erred in denying that request.

4. Respondent also contends the trial court erred in denying her request for attorney fees. She claims she only incurred the fees to enforce the terms of the dissolution judgment.

■ Decisions regarding attorney fees rest almost entirely within the discretion of the trial court. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). The award will not be disturbed by this court absent a clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App.1984). Respondent has not demonstrated any abuse of discretion.

### DECISION

The trial court properly found that a portion of the party's property settlement was in the nature of support and therefore not discharged in bankruptcy. The trial court properly exercised its discretion in deciding not to modify child support and not to award attorney fees. The trial court erred in limiting the award for medical costs to the amount of insurance premiums, and the award is modified to include

out-of-pocket medical expenses, for a total award of $4000 for medical costs.

Affirmed as modified.