**STATE of Minnesota ex rel. SWAN LAKE AREA WILDLIFE ASSOCIATION, petitioner, Respondent,**

v.

**NICOLLET COUNTY BOARD OF COUNTY COMMISSIONERS, Appellant,**

v.

**Marlin Fitzner, et al., intervenor, Respondents.**

No. A05–1001.

Court of Appeals of Minnesota.

April 4, 2006.

William G. Peterson, Peterson Law Office, P.A., Bloomington, MN and Garry D. Barnett, Mankato, MN, for respondent Swan Lake Area Wildlife Association.

Scott T. Anderson, Kimberley K. Sobieck, Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, for appellant.

Kurt A. Deter, Gerald W. Von Korff, Rinke–Noonan, Ltd., St. Cloud, MN, for respondents Marlin Fitzner, et al.

Considered and decided by WILLIS, Presiding Judge; KALITOWSKI, Judge; and STONEBURNER, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Nicollet County Board of County Commissioners contends that because the drainage authority is the proper arbiter of claims asserted under the drainage code, the district court erred in determining that it had subject matter jurisdiction over a drainage-related claim brought under the Minnesota Environmental Rights Act (MERA).

## FACTS

County ditch 46A (CD46A) was established by appellant's approval in 1907.[1] It runs from the northeast corner of Mud Lake to the southern portion of Little Lake in Nicollet County, Minnesota. In 1950, appellant ordered an improvement to CD46A in response to petitions claiming that the ditch was draining inadequately and causing flooding to surrounding areas. That order also approved the installation of a dam structure to maintain the elevation of Little Lake and Mud Lake. The structure was installed with a crest elevation of 973.2 feet above sea level. In 1972, the Commissioner of Natural Resources granted appellant a permit to construct a new and longer dam structure at an increased elevation of 973.8 feet above sea level.

The new structure was never built. And the water-level problems persisted due to a leak in the existing dam structure. Over the next 30 years, appellant received notices urging it to address concerns that the dam structure was below the authorized elevation of 973.8 feet and that Little Lake was draining as a result. Appellant and the Department of Natural Resources (DNR) began discussing the issue again in the mid–1990s, but the parties continued to dispute, among other issues, the elevation of a new dam structure.

Respondent Swan Lake Area Wildlife Association became involved in the matter in 2002. Respondent offered to pay for construction of a dam, but the parties could not agree on the dam's elevation. Appellant maintained that it should remain at the level originally installed, 973.2 feet, while respondent asserted that the appropriate crest elevation was 973.8 feet.

Respondent filed suit against appellant, seeking declaratory and equitable relief under MERA. Respondent moved to amend the complaint, asking that appellant be directed, by mandamus, to restore the water levels of Little Lake and Mud Lake. Respondent also brought a motion to join the Minnesota DNR as a third-party defendant. Appellant opposed respondent's motions and moved to dismiss the complaint based on lack of subject matter jurisdiction. The district court denied appellant's motion to dismiss and granted respondent's motions to amend the complaint and to join the DNR. On appeal, appellant challenges the district court's determination that it had subject matter jurisdiction over respondent's MERA claim.

## ISSUE

Did the district court err in determining that it had subject matter jurisdiction over a MERA claim involving drainage issues?

## ANALYSIS

■ Generally, an order denying a motion to dismiss is not appealable because it merely retains the action for trial, does not involve the merits of the claim, and is not a final order. *County of Hennepin v. Decathlon Athletic Club, Inc.*, 559 N.W.2d 108, 108 n. 2 (Minn.1997). But an order denying a motion to dismiss for lack of jurisdiction is appealable as a matter of right, as it is not merely retention of the action for trial, but a determination compelling the defendant to take on the burden of litigation that it has a legal right to avoid. *McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 833 (Minn. 1995) (holding dismissal based on lack of subject matter jurisdiction is appealable).

---

1. The ditch was originally titled "County Ditch 46" but was renamed "County Ditch 46A" on or about 1971.

■ Subject matter jurisdiction involves a court's authority to decide a particular class of actions and its authority to decide the particular questions before it. *Cochrane v. Tudor Oaks Condo. Project,* 529 N.W.2d 429, 432 (Minn.App.1995), *review denied* (Minn. May 31, 1995). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Minn. R. Civ. P. 12.08(c). Questions of subject matter jurisdiction are reviewed de novo. *Johnson v. Murray,* 648 N.W.2d 664, 670 (Minn. 2002).

■ MERA provides a civil remedy for those that seek to protect, preserve, and enhance the air, water, land, and other natural resources within the state. Minn. Stat. § 116B.01 (2002). Under MERA,

[a]ny person residing within the state ... may maintain a civil action in the district court for declaratory or equitable relief in the name of the state of Minnesota against any person, for the protection of the air, water, land, or other natural resources located within the state, whether publicly or privately owned, from pollution, impairment, or destruction.

Minn.Stat. § 116B.03, subd. 1 (2002). An association such as respondent qualifies as a "person" for MERA purposes. Minn. Stat. § 116B.02, subd. 2 (2002). Moreover, MERA states that "[t]he rights and remedies provided herein shall be in addition to any administrative, regulatory, statutory, or common law rights and remedies now or hereafter available." Minn.Stat. § 116B.12 (2002).

■ Appellant argues that the availability of alternative administrative processes, specifically the drainage procedures laid out in Minn.Stat. §§ 103E.005–.812, necessarily precludes the district court's jurisdiction over appellant's MERA claim.

Unless and until the drainage authority considers a petition on the matter, appellant contends that the district court does not have jurisdiction. We disagree.

The plain language of MERA provides that its remedies "shall be *in addition to* any administrative ... rights and remedies now or hereafter available." *Id.* (emphasis added). The legislature could have supplied an exception for MERA claims subject to drainage code proceedings. But it did not. And this court "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Wallace v. Comm'r of Taxation,* 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971).

This court addressed a similar jurisdiction argument involving MERA in *State by Fort Snelling State Park Ass'n v. Minneapolis Park & Recreation Bd.,* 673 N.W.2d 169 (Minn.App.2003), *review denied* (Minn. Mar. 16, 2004). In *Fort Snelling,* a park board planned to construct an outdoor athletic center on the Fort Snelling Polo Grounds, which the board had leased from the DNR. 673 N.W.2d at 172. The plan was subject to review by the Minnesota Historical Society (MHS) and the National Park Service (NPS) and both organizations approved the plan. *Id.* at 173. A state park association then brought a declaratory judgment action seeking to protect the polo grounds under MERA. *Id.* at 171–72. On appeal, the park board argued that the district court erroneously concluded that it had jurisdiction over the MERA claim because the administrative processes of the MHS and NPS precluded an action under MERA. *Id.* at 177. Citing Minn.Stat. § 116B.12, this court concluded that there was no support for the park board's claim and that "this civil action under MERA was authorized regardless of administrative processes." *Id.*

In light of the broad language of Minn. Stat. § 116B.12, we conclude that the district court has subject matter jurisdiction

over respondent's MERA claim regardless of the administrative processes and remedies available under the drainage provisions of Minn.Stat. §§ 103E.055–.812. Thus, the district court properly denied appellant's motion to dismiss for lack of subject matter jurisdiction.

Appellant also challenges the substance of respondent's MERA claim. But the scope of this appeal is limited to jurisdiction. Because this is an interlocutory appeal and the district court must first address claims before they appear before this court, we do not reach the merits of respondent's claim. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating that appellate courts generally do not consider matters that the district court did not consider).

Finally, appellant argues in its brief that the district court improperly granted respondent's motions to amend the complaint and to join the DNR. Appellant contends that because the district court lacked subject matter jurisdiction over the MERA claim, it also lacked jurisdiction to grant respondent's motions. Because we conclude the district court had subject matter jurisdiction over the MERA claim, we reject appellant's argument that the district court abused its discretion by granting respondent's motions.

### DECISION

Under the plain language of Minn.Stat. § 116B.12, the district court has subject matter jurisdiction over a claim under the Minnesota Environmental Rights Act, even if that claim involves drainage and could have been asserted pursuant to the administrative processes set out in the drainage code.

**Affirmed.**