*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1568**

In re:  Receivership of United States Installment Realty Company.

**Filed May 18, 2015
Vacated
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CV-13-4154

Tracy J. Van Steenburgh, Scott A. Smith, Peter Gray, Nilan Johnson Lewis, P.A., Minneapolis, Minnesota; and

Scott Hastings (pro hac vice), Locke Lord LLP, Dallas Texas (for respondents Burlington Resources Oil & Gas Company, LP)

Matthew J. Gollinger, Zelle Hofmann Voelbel & Manson LLP, Minneapolis, Minnesota; and

Fred R. Jones (pro hac vice), Goode Casseb Jones Riklin Choate & Watson, P.C., San Antonio, Texas (for appellant 1893 Oil & Gas, Limited Partnership)

Jeffrey R. Ansel, Justice Ericson Lindell, Winthrop & Weinstine, P.A., Minneapolis, Minnesota (for respondent Lighthouse Management Group, Inc.)

Jon S. Swierzewski, Richard J. Reding, Larkin Hoffman Daly & Lindgren, LTD., Minneapolis, Minnesota; and

Mary A. Keeney (pro hac vice), Graves, Dougherty, Hearon & Moody, P.C., Austin, Texas (for respondent Verde Minerals, LLC)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellants challenge the district court's appointment of a receiver for two Minnesota companies, the assets of which were liquidated in bankruptcy court almost a century ago. Appellants contend that the district court lacked subject matter jurisdiction, challenge respondent's standing to bring suit, and argue that respondent provided insufficient notice to appellants in the receivership proceedings. We vacate the district court's orders for want of subject matter jurisdiction.

## FACTS

United States Installment Realty Company and USI Realty (collectively USIR) were Minnesota companies declared bankrupt after proceedings commenced in 1923. Among other assets, USIR owned real estate and reserved mineral interests in Texas. These mineral interests and the appointment of a receiver concerning the interests are the subject of this appeal.

Andrew B. Stephens, an assistant attorney general in Texas, formed respondent Verde Minerals, Inc. (Verde) with his father. He and his father searched publicly available Texas Railroad Commission records, locating what they believed to be mineral interests in Texas still titled in USIR's name. Neither Verde nor Messrs. Stephens had any previous connection with USIR.

On March 7, 2013, Verde petitioned the Hennepin County District Court to establish a general receivership for USIR to "take possession, custody, or control of the assets of [USIR]." In its petition, Verde alleged that it "has expended significant

2

resources and invested substantial sums in researching and identifying [USIR], attempting to identify the unknown successors, stockholders and creditors . . . and in researching and identifying the assets that are believed to have been owned by these companies" when they were dissolved. More specifically, Verde alleged that USIR's "mineral interests (and possibly other assets) were omitted from the assets of the companies [(disputed USIR mineral interests)]. Thus, these omitted assets were never sold or distributed by the company or its receivers or trustee."

After filing its petition, Verde attempted to give notice of the receivership action to USIR by sending a process server to the last known address of this company. Unable to serve USIR there, Verde provided an affidavit to that effect to the secretary of state, and thereafter published notice in a newspaper on three successive Tuesdays "in the chance of reaching someone who may have an interest." At the hearing on the receivership petition, Verde told the district court that "quite frankly, Your Honor, there probably isn't anyone out there who still has an interest in this."

On May 21, 2013, the district court granted Verde's motion seeking appointment of a general receiver for USIR. On July 8, 2013, the district court appointed respondent Lighthouse Management Group, Inc. (Lighthouse) as the general receiver and approved an asset-purchase agreement between Lighthouse, as general receiver of USIR, and Verde. Lighthouse executed and delivered quitclaim deeds to Verde purporting to

convey USIR's mineral interests in Texas.[1]  Central to this appeal is whether the purported transfer of those mineral interests was effective.

On July 22, 2013, Verde contacted appellant Burlington Resources Oil & Gas Company LP (Burlington) proposing to lease the disputed USIR mineral interests to Burlington.  Verde also contacted appellant 1893 Oil & Gas LP (1893) to lease the mineral interests.  Appellants Burlington and 1893 claim that they are lessees of mineral rights on the same properties for which Verde contends that it owns the mineral interests formerly titled in USIR.  Appellants maintain that Verde knew of the competing claims to the mineral interests on the involved Texas land, yet did not serve or otherwise notify the competing claimants of the receivership action.

Verde later filed a second receivership action in Texas.  Two lawsuits were initiated in Texas involving the parties to this appeal, concerning ownership of the same mineral interests.  These Texas proceedings remain active and unresolved.

On April 10, 2014, appellants moved the Hennepin County District Court to terminate the Minnesota receivership and vacate all orders in the receivership matter, including the order authorizing sale of the receivership assets to Verde.  The district court denied appellants' motion to terminate the receivership and vacate its orders authorizing and appointing Lighthouse as receiver, but deferred ruling on vacating the order for sale of the receivership assets and stayed all further proceedings until the Texas title

---

[1] Verde originally sought to have one James Hannon appointed as a receiver.  For reasons not relevant to the issues we address herein, Mr. Hannon declined to serve.  Verde contacted Lighthouse, which agreed to serve as receiver for USIR.

proceedings resolved.[2]  This interlocutory appeal, challenging subject matter jurisdiction, followed.

## D E C I S I O N

### Bankruptcy Proceedings

Central to this appeal is whether and how the USIR bankruptcy proceedings, commenced in 1923, disposed of the disputed USIR mineral interests.  Verde maintains that the bankruptcy trustee abandoned the mineral interests and that USIR therefore still owned those interests until Verde acquired them from the receiver.  Appellants argue that there was no abandonment of the mineral interests and that, in any event, the question of the ownership status of the mineral interests of USIR is for the bankruptcy court to determine.

#### *Verde's Position*

Verde's position concerning the legal status of these mineral interests has been mercurial.  In its initial petition, Verde alleged that "unbeknownst to the receivers, trustee, creditors and shareholders, [USIR] held record title to a small number of undivided mineral interests in Texas" and that interests were "omitted from the assets" of USIR and "were never sold or distributed by [USIR] or its receivers or trustee."  Verde later argued to the district court that "[t]he USIR trustees were well aware of these mineral interests, considered them valueless, and abandoned them to USIR."  On appeal,

_____

[2]  Appellants also moved for sanctions against respondents, alleging that Verde commenced the receivership proceeding in bad faith and committed a fraud on the court. The district court denied the motion without prejudice and it is not before us on appeal.

5

Verde continues to argue that the bankruptcy trustee "knew about and abandoned these mineral interests."

In support of its position on appeal, Verde points to an April 10, 1924 bankruptcy hearing at which a potential bidder offered to buy all of USIR's remaining reserved mineral interests, but the trustee decided to "postpone that for the time being." At a September 18, 1925 hearing, reserved mineral interests in two tracts of land not at issue in this case were sold for $10.38. The trustee stated in a petition to approve that sale that he "believes that said oil rights are valueless." Verde argues, by inference, that the disputed USIR mineral interests were not listed as USIR property because the bankruptcy trustee deemed them valueless and abandoned them.

### *Appellants' Position*

Appellants argue that the bankruptcy trustee did not abandon the reserved mineral interests and that any dispute over USIR's property should be resolved through bankruptcy proceedings, not in a Minnesota district court receivership action.

Appellants point to the final USIR bankruptcy proceedings in 1930. After discussion of the possibility of "an offer of any other unsold property, if there should be any; that is, property that may come up in years to come," the bankruptcy referee declined to consider such an offer, responding:

> No. I don't think so. I don't think an offer of that kind, — supposing that this company had some very valuable property at some place, that never had been disclosed, and some fellow would come in here, and we find that this company has got a gold mine, and it would be very valuable, — I don't know whether the trustee could sell that blindfolded that way. We have sold everything that is on our inventory and everything

6

that we know about. I think we ought to let it rest there. That
is my opinion of it.

Upon further inquiry of what should happen if property was later located and, "supposing

. . . the trustee has been discharged," the referee responded that "it would be easy enough

to get a new trustee appointed . . . that is the remedy to be taken."

### *Receiver Lighthouse's Position*

Lighthouse posits on appeal that, regardless of whether Verde or appellants are

right concerning the issues arising from the decades-old bankruptcy, it has no liability

herein, because the district court had jurisdiction over this matter and, pursuant to statute

and the district court's order, the general receiver is immune from liability. Although

appellants do not raise any issues on appeal specifically concerning the liability of

Lighthouse, Lighthouse notes that appellants seek damages against Lighthouse in the

Texas proceedings.[3]

This appeal is from the district court's order denying appellants' motion to

terminate the receivership, and vacate all orders entered herein. Interlocutory appeals are

disfavored. Ordinarily, only "final judgments are appealable." *Gordon v. Microsoft

Corp.*, 645 N.W.2d 393, 398 (Minn. 2002) (citing *Emme v. C.O.M.B.*, 418 N.W.2d 176,

178-79 (Minn. 1988) (quotation marks omitted)). But a district court's denial of "a

motion to dismiss for lack of jurisdiction is appealable as a matter of right." *Janssen v.*

---

[3] Lighthouse asserts that, "[i]n the proceedings before the District Court, while
Burlington took the position that the General Receiver's immunity would be unaffected
even if the District Court's orders were voided *ab initio*, Burlington did not consent to the
General Receiver's proposed order expressly acknowledging such immunity. . . . And,
while 1893 joined in Burlington's brief, both 1893 and Burlington continue to assert
claims for damages and attorneys' fees against the General Receiver in Texas."

7

*Best & Flanagan, LLP*, 704 N.W.2d 759, 763 (Minn. 2005); *see also Kastner v. Star Trails Ass'n*, 646 N.W.2d 235, 238 (Minn. 2002) (explaining that an interlocutory appeal is available for review of orders denying motions to dismiss for lack of personal or subject-matter jurisdiction). If a court's order denying a motion to dismiss rests "at least in part[] on the court's rejection of jurisdictional grounds for dismissal, the court's order [is] immediately appealable." *Janssen*, 704 N.W.2d at 763. Because appellants challenge the district court's subject matter jurisdiction, this interlocutory appeal is timely and proper.

Appellants argue that the bankruptcy court has exclusive jurisdiction over the disputed USIR mineral interests and the district court lacked subject matter jurisdiction to appoint a receiver. "Subject matter jurisdiction involves a court's authority to decide a particular class of actions and its authority to decide the particular questions before it." *State ex rel. Swan Lake Area Wildlife Ass'n v. Nicollet Cnty. Bd. of Cnty. Comm'rs*, 711 N.W.2d 522, 525 (Minn. App. 2006), *review denied* (Minn. June 20, 2006). We review the issue of subject matter jurisdiction de novo. *Id.*

"The district court has general jurisdiction over the appointment of receivers." *Munck v. Sec. State Bank*, 175 Minn. 47, 49, 220 N.W. 400, 401 (1928). Minnesota statutes confer "exclusive authority" to the court to "direct the receiver and the authority over all receivership property," Minn. Stat. § 576.23 (2014), when an "entity is dissolved, insolvent, in imminent danger of insolvency," Minn. Stat. § 576.25, subd. 4 (2014). "A receiver may be appointed . . . whether or not the motion for appointment of a receiver is

combined with, or is ancillary to, an action seeking a money judgment." Minn. Stat. § 576.25, subd. 1 (2014).

But where a person or entity has filed a petition in bankruptcy, the bankruptcy courts have exclusive jurisdiction over the bankruptcy estate. "The title and right to possession of all property owned and possessed by the bankrupt vests in the [bankruptcy] trustee as of the date of the filing of the petition in bankruptcy, no matter whether situated within or without the district in which the court sits." *Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 737, 51 S. Ct. 270, 271 (1931); *see also Foley Bean Lumber Co. v. Sawyer*, 76 Minn. 118, 119, 78 N.W. 1038, 1039 (1899) (holding that the Bankruptcy Act of 1898 superseded Minnesota insolvency laws from the date of its passage). Consequently, "the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate" and "withdraws the property from the jurisdiction of all other courts." *Isaacs*, 282 U.S. at 737, 51 S. Ct. at 271-72.

A bankruptcy trustee may elect whether to accept property into the bankruptcy estate. *First Nat'l Bank of Jacksboro v. Lasater*, 196 U.S. 115, 119, 25 S. Ct. 206, 208 (1905). If the trustee declines to accept property into the bankruptcy estate, the bankrupt person or entity can assert title over the property, but only when the bankruptcy trustee is aware of the property and has had the opportunity to "make an election" concerning the property. *Id.* A bankruptcy trustee may also abandon assets originally included in a bankruptcy estate, but "[a]bandonment is not to be lightly inferred," and "[t]he mere closing of a bankruptcy proceeding does not suggest such abandonment. *United States v. Ivers*, 512 F.2d 121, 124 (8th Cir. 1975); *see also Stanolind Oil & Gas Co. v. Logan*, 92

F.2d 28, 31 (5th Cir. 1937) (stating "closing of the proceedings without abandonment by the trustee" does not automatically revert assets to the bankrupt).

Whether a claim against a bankrupt person or entity is within the bankruptcy court's exclusive jurisdiction is not solely for the bankruptcy court to decide, "but may be decided by any court having jurisdiction of the subject matter of the claim and of the parties." *Otte v. Cooks, Inc.*, 113 F. Supp. 861, 862 (D. Minn. 1953); *see also Port Auth. of St. Paul v. Harstad*, 531 N.W.2d 496, 499 (Minn. App. 1995) (determining that the bankruptcy court was divested of jurisdiction after the bankruptcy case closed), *review denied* (Minn. June 14, 1995); *Long v. Long*, 413 N.W.2d 863, 866-67 (Minn. App. 1987) (rejecting appellant's argument that only a bankruptcy court can determine whether a debt is exempt from discharge by stating "state courts can and do apply federal law.")

A determination of whether property was abandoned by a bankruptcy trustee presents a fact question. *Stanolind*, 92 F.2d at 31. The parties here all contend that the material facts are not in dispute and that whether the district court has subject matter jurisdiction can be determined as a matter of law. *See In re Estate of Sangren,* 504 N.W.2d 786, 790 (Minn. App. 1993) (holding that a question of whether a waiver existed can be decided "as a matter of law where the facts are not in dispute"), *review denied* (Minn. Oct. 28, 1993). In context, the burden of proving that the disputed USIR mineral interests were abandoned rests on respondent Verde. *Stanolind*, 92 F.2d at 31.

Verde has failed as a matter of law to demonstrate that the bankruptcy trustee knew about the disputed USIR mineral interests and specifically intended to abandon these interests. *See Ivers*, 512 F.2d at 124 ("abandonment is not to be lightly inferred").

As noted, Verde initially claimed that these mineral interests existed "unbeknownst to the receivers, trustee, creditors and shareholders," but later argued to the district court and maintains on appeal that these mineral interests were known to the trustee, who abandoned the interests as valueless. Verde fails to reconcile its argument on appeal with the bankruptcy trustee's May 1930 hearing at which the trustee clearly stated the intention that any later disputes concerning unsold property should be brought before a new bankruptcy trustee.[4] The record here admits of no conclusion other than that respondent has failed to demonstrate that the bankruptcy trustee intended to abandon the disputed USIR mineral interests. The interests, if not conveyed, remain subject to the jurisdiction of the bankruptcy court. The state district court is without subject matter jurisdiction to act concerning the disputed USIR mineral interests and lacked subject matter jurisdiction to appoint a general receiver for USIR.

Appellants also argue that Verde did not have standing to commence the receivership action and that it failed to provide sufficient notice to appellants of the commencement of the receivership action. Because we vacate the district court's appointment of the receiver for want of subject matter jurisdiction, we do not reach these additional issues.

---

[4] The May 26, 1930 hearing transcript is the final transcript included in the record, and the parties do not dispute that this was the final hearing addressing the sale of assets in the bankruptcy proceeding. At the close of the hearing, the bankruptcy referee stated, "I will confirm these sales." The trustee was questioned at some length by the referee concerning the trustee's bill, as no creditors were present. The record reveals no other and later hearings in bankruptcy court

11

Finally, Lighthouse posits that we should affirm the district court's finding that respondent Lighthouse acted in conformity with the district court's orders, immunizing it from any claim for liability. *See* Minn. Stat. § 576.28(a) (2014) (providing that a "receiver shall be entitled to all defenses and immunities provided at common law for acts or omissions within the scope of the receiver's appointment"). Because the district court acted without subject matter jurisdiction, all orders issued by the district court are void ab initio, including the order appointing Lighthouse as receiver and granting Lighthouse immunity. *See In re Petition for Instructions to Construe Basic Resolution 876 of Port Auth. of St. Paul*, 772 N.W.2d 488, 495 (Minn. 2009) ("We have stated that a void judgment is one rendered in the absence of jurisdiction over the subject matter" (quotation omitted)); *Kulinski v. Medtronic Bio-Medicus, Inc.*, 577 N.W.2d 499, 502-03 (Minn. 1998) (stating a judgment entered without subject matter jurisdiction is void ab initio). We express no opinion concerning the immunity issue, of course, as we are likewise without subject matter jurisdiction to act concerning property that remains subject to the exclusive jurisdiction of the bankruptcy court.

Because the bankruptcy court has exclusive jurisdiction over assets not abandoned by the bankruptcy trustee, the district court lacked subject matter jurisdiction to appoint a receiver over USIR or make any orders concerning the mineral interests of USIR. The district court's orders are therefore vacated.

**Vacated.**

12